# IN THE COURT OF APPEALS OF TENNESSEE
## AT JACKSON
### October 23, 2014 Session

## M&T BANK v. JOYCELYN A. PARKS, ET AL.

**Appeal from the Circuit Court for Shelby County**
**No. CT-003810-13      James F. Russell, Judge**

_____

### No. W2013-02580-COA-R3-CV - Filed November 24, 2014

_____

The trial court dismissed this detainer appeal for failure to post a bond in compliance with Tennessee Code Annotated Section 28-18-130(b)(2). Because Appellant's brief contains no argument regarding the applicability of Tennessee Code Annotated Section 28-18-130(b)(2), we affirm.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed**

J. STEVEN STAFFORD, P.J., W.S., delivered the opinion of the Court, in which FRANK G. CLEMENT, JR., P.J., M.S., and ARNOLD B. GOLDIN, J., joined.

Mia Scullark, Cordova, Tennessee, Pro Se.

Jerry Morgan, Brentwood, Tennessee, for the Appellee, M&T Bank.

### MEMORANDUM OPINION[1]

_____

[1]Rule 10 of the Rules of the Court of Appeals of Tennessee provides:

This Court, with the concurrence of all judges participating in the case, may affirm, reverse or modify the actions of the trial court by memorandum opinion when a formal opinion would have no precedential value. When a case is decided by memorandum opinion it shall be designated "MEMORANDUM OPINION", shall not be published, and shall not be cited or relied on for any reason in any unrelated case.

**Background**

The Plaintiff/Appellee M&T Bank filed a detainer action in Shelby County General Sessions Court against Defendant Joycelyn A. Parks for possession of the property located at 5993 Cedarcrest Court in Shelby County. According to M&T Bank, the only named defendant was Joycelyn A. Parks, the borrower on the foreclosed deed of trust. The Detainer Warrant, however, lists "Joycelyn A. Parks or Current Occupants" as defendants in the matter. Ms. Parks apparently did not contest the detainer matter[2] and a judgment for possession of the property was entered in M&T Bank's favor on August 12, 2013.

On August 19, 2013, Appellant Mia Scullark filed an appeal of the General Sessions ruling to the Shelby County Circuit Court.[3] Ms. Scullark's notice of appeal indicated that her address was "8353 Bazemore/5993 Cedarcrest." The record indicates that Ms. Scullark paid the filings fees associated with her appeal. On the same day, Ms. Scullark also purported to file a bond in the Circuit Court, signed by Polly Agee, in which Ms. Scullark stated that Ohio Casualty Insurance was her surety for appellate purposes. Attached to the bond was a one-page "Power of Attorney," involving American Fire and Casualty Company, The Ohio Casualty Insurance Company, Liberty Mutual Insurance Company, and West American Surety Company. The Power of Attorney document stated that Polly Agee was authorized to act as an attorney-in-fact for the above companies. The Power of Attorney specifically gave the attorneys-in-fact, such as Polly Agee, the right to execute surety bonds.

On September 23, 2013, M&T Bank filed a motion to dismiss Ms. Scullark's appeal, arguing that Ms. Scullark failed to post a bond pursuant to Tennessee Code Annotated Section 29-18-130(b)(2), which provides:

> In cases where the action has been brought by a landlord to recover possession of leased premises from a tenant on the grounds that the tenant has breached the contract by failing to pay the rent, and a judgment has been entered against the tenant, subdivision (b)(1) shall not apply. In that case, if the defendant prays an appeal, the defendant shall execute bond, or post either a cash deposit or irrevocable letter of credit from a regulated financial institution, or provide two (2) good personal sureties

---

[2] Ms. Parks is also not a party to this appeal.

[3] M&T Bank contends that Ms. Scullark was neither an owner nor an occupant of the subject property.

with good and sufficient security in the amount of one (1) year's rent of the premises, conditioned to pay all costs and damages accruing from the failure of the appeal, including rent and interest on the judgment as provided for herein, and to abide by and perform whatever judgment may be rendered by the appellate court in the final hearing of the cause. The plaintiff shall not be required to post a bond to obtain possession in the event the defendant appeals without complying with this section. The plaintiff shall be entitled to interest on the judgment, which shall accrue from the date of the judgment in the event the defendant's appeal shall fail.

M&T Bank argued that pursuant to the Deed of Trust on the property, any person in possession of the property who did not immediately surrender possession of the property upon demand would be considered a "tenant at will." Accordingly, M&T Bank argued that because Ms. Scullark was alleging that she was an occupant of the property, her appeal should be considered a landlord-tenant dispute and subject to the bond requirement of Tennessee Code Annotated Section 29-18-130(b)(2). Because Ms. Scullark had allegedly failed to comply with this section by timely filing a bond, M&T Bank argued that the Circuit Court lacked subject matter jurisdiction to consider her appeal.

While the motion to dismiss was pending in Circuit Court, on November 13, 2013, Ms. Scullark filed a notice to remove the case to federal court. After the matter was removed, M&T Bank filed a motion to return the matter to state court and to be awarded attorney's fees incurred in the federal action. On January 16, 2014, the federal magistrate entered a report and recommendation stating that M&T's motion should be granted. On February 3, 2014, the federal district court adopted the recommendation of the magistrate judge, remanded the case back to state court, and entered an order awarding attorney's fees to M&T Bank. Although Ms. Scullark appealed the district court's order to the Sixth Circuit Court of Appeals, M&T Bank asserts that her appeal was dismissed for failure to file an appellate brief.

Before the case was officially remanded back to the trial court, the trial court granted M&T Bank's motion to dismiss the appeal by order of November 15, 2013, finding that Ms. Scullark had not posted a proper appellate bond pursuant to Tennessee Code Annotated Section 29-18-130(b)(2). Ms. Scullark filed a timely notice of appeal to this Court.[4]

---

[4] On February 10, 2014, M&T Bank filed a motion to dismiss Ms. Scullark's appeal to this Court on the basis that Ms. Scullark lacked standing to prosecute the appeal. Ms. Scullark was directed to file a response, which was filed on March 20, 2014. M&T Bank filed a reply on March 31, 2014. On May

(.....continued)

## Issues Presented

Ms. Scullark raises several issues in her appellate brief, which we restate verbatim here:

1.  Whether Plaintiff brought a claim under the wrong theory a false Claim in General Sessions Court.
2.  Whether the Circuit Court Judge err in Granting Motion to dismiss pursuant to Tennessee Code Annotated 29-18-130(b)(2) with out no valid rental agreement or no evidence that a forcible entry had been made.
3.  Whether the Circuit Court Judge err in Granting a 1 year's rent when the Judgement form General Sessions Court was only for Possession Only.
4.  Whether the Judge err in Granting a Motion to Dismiss on November 15, 2013 when the case was remove from Circuit Court to the United States Western District Court on November 14, 2013.

In the posture of Appellee, M&T Bank raises the following issue, also taken from its brief:

1.  Whether Appellant has standing to bring this appeal.
2.  Whether the merits of this appeal may be considered when Appellant filed an inadequate brief under Tenn. R. App. P. 27 and Tenn. R. Ct. App. 6.
3.  Whether the trial court erred in granting Appellee's Motion to Dismiss where a non-party, stranger to the case filed a notice of removal.
4.  Whether the trial court erred in exercising subject matter jurisdiction over the unlawful detainer.
5.  Whether the trial court erred in dismissing Appellant's appeal of a General Sessions ruling to the Circuit Court for failure to post the appropriate bond.

---

(.....continued)
31, 2014, this Court declined to grant the motion at that time, but indicated that the denial "should not be construed as preventing [M&T Bank] from submitting arguments in its brief regarding [Ms. Scullark's] standing to appeal."

## Analysis

Before we can address the merits of Ms. Scullark's appeal, we must first consider the deficiencies in Ms. Scullark's brief. Tennessee Rule of Appellate Procedure 27 provides, in pertinent part:

> (a) Brief of the Appellant. The brief of the appellant shall contain under appropriate headings and in the order here indicated:
>
> (1) A table of contents, with references to the pages in the brief;
> (2) A table of authorities, including cases (alphabetically arranged), statutes and other authorities cited, with references to the pages in the brief where they are cited;
> (3) A jurisdictional statement in cases appealed to the Supreme Court directly from the trial court indicating briefly the jurisdictional grounds for the appeal to the Supreme Court;
> (4) A statement of the issues presented for review;
> (5) A statement of the case, indicating briefly the nature of the case, the course of proceedings, and its disposition in the court below;
> (6) A statement of facts, setting forth the facts relevant to the issues presented for review with appropriate references to the record;
> (7) An argument, which may be preceded by a summary of argument, setting forth:
>
> > (A) the contentions of the appellant with respect to the issues presented, and the reasons therefor, including the reasons why the contentions require appellate relief, with citations to the authorities and appropriate references to the record (which may be quoted verbatim) relied on; and
> > (B) for each issue, a concise statement of the applicable standard of review (which may appear in the discussion of the issue or under a separate heading placed before the discussion of the issues);

(8) A short conclusion, stating the precise relief sought.

Tenn. R. App. P. 27(a).

Ms. Scullark's brief complies with Rule 27 in most respects save one: her brief contains no argument, nor any citation to authority regarding the actual ground upon which the trial court dismissed her case. Rule 27 specifically requires that an appellant's brief must include an argument section, containing both a statement of the standard of review for each issue, as well as the reasons the trial court's decision is incorrect, supported by appropriate authority. In addition, Rule 6 of the Rules of the Court of Appeals of Tennessee describes further requirements for the content of the argument "in regard to each issue on appeal." Rule 6 states:

> (a) Written argument in regard to each issue on appeal shall contain:
>
> (1) A statement by the appellant of the alleged erroneous action of the trial court which raises the issue and a statement by the appellee of any action of the trial court which is relied upon to correct the alleged error, with citation to the record where the erroneous or corrective action is recorded.
> (2) A statement showing how such alleged error was seasonably called to the attention of the trial judge with citation to that part of the record where appellant's challenge of the alleged error is recorded.
> (3) A statement reciting wherein appellant was prejudiced by such alleged error, with citations to the record showing where the resultant prejudice is recorded.
> (4) A statement of each determinative fact relied upon with citation to the record where evidence of each such fact may be found.
>
> (b) No complaint of or reliance upon action by the trial court will be considered on appeal unless the argument contains a specific reference to the page or pages of the record where such action is recorded. No assertion of fact will be considered on appeal unless the argument contains a reference to the page or pages of the record where evidence of such fact is recorded.

Tenn. R. Ct. App. 6.

From our review of Ms. Scullark's brief, although she raises the dismissal of her appeal as her second issue presented, she does not discuss this issue in the body of her brief. Instead, Ms. Scullark focuses the argument in her brief on the underlying detainer action. While Ms. Scullark cites considerable law concerning detainer actions, no law is cited as to whether the trial court correctly held that Ms. Scullark failed to comply with Tennessee Code Annotated Section 29-18-130(b)(2), or whether the trial court correctly held that Ms. Scullark's purported failure to comply with that section deprived the Circuit Court of subject matter jurisdiction to consider her appeal. Indeed, Tennessee Code Annotated Section 29-18-130(b)(2) is cited only once in Ms. Scullark's brief, in her Statement of the Issues. This Court has repeatedly held that a party's failure to argue an issue in the body of his or her brief constitutes a waiver of the issue on appeal. *Newcomb v. Kohler Co.*, 222 S.W.3d 368, 401 (Tenn. Ct. App. 2006). Additionally, it is well-settled that "the failure . . . to cite relevant authority in the argument section of the brief as required by Rule 27(a)(7) constitutes a waiver of the issue." *Bean v. Bean*, 40 S.W.3d 52, 55 (Tenn. Ct. App. 2000).

The trial court's dismissal rests on one finding of fact and one conclusion of law: that Ms. Scullark failed to comply with Tennessee Code Annotated Section 29-18-130(b)(2) and that non-compliance deprives the trial court of subject matter jurisdiction to consider her appeal. The issues of the propriety of the General Sessions Court judgment are simply not relevant at this stage in the litigation. Because Ms. Scullark did not argue the applicability of Tennessee Code Annotated Section 29-18-130(b)(2) in the body of her brief, nor does she cite any law regarding this issue, any assignment of error concerning the statute's applicability to this case is waived. Consequently, Ms. Scullark has waived any argument regarding the central issue in this appeal.

We recognize that Ms. Scullark is proceeding *pro se* in this appeal, as she was in the trial court, and therefore may not be fluent in the Rules of this Court. However, it is well-settled that, "[w]hile a party who chooses to represent himself or herself is entitled to the fair and equal treatment of the courts, . . . '[p]ro se litigants are not . . . entitled to shift the burden of litigating their case to the courts.'" *Chiozza v. Chiozza*, 315 S.W.3d 482, 487 (Tenn. Ct. App. 2009) ( internal citation omitted) (quoting *Whitaker v. Whirlpool Corp.*, 32 S.W.3d 222, 227 (Tenn. Ct. App. 2000)). Accordingly, "[*p*]*ro se* litigants must comply with the same substantive and procedural law to which represented parties must adhere." *Id.*

This Court has previously held that "profound deficiencies [like those found in Ms. Scullark's appellate brief] render[] appellate review impracticable, if not impossible." *Owen v. Long Tire, LLC*, No. W2011-01227-COA-R3-CV, 2011 WL 6777014, at *4 (Tenn. Ct. App. Dec. 22, 2011) (citing *Missionary Ridge Baptist Church v. Tidwell*, No. 89-356-II, 1990 WL 94707, *2 (Tenn. Ct. App. July 11, 1990) (refusing to rely on the brief of the

appellant because it did not contain references to the record either in the statement of facts or the argument section of its brief)); *see also* **Bean**, 40 S.W.3d at 55 (noting that the "failure to comply with the Rules of Appellate Procedure and the rules of this Court waives the issues for review").

While we are cognizant of the fact that this Court has discretion under Rule 2 of the Tennessee Rules of Appellate Procedure[5] to waive the express briefing requirements for good cause, we decline to exercise our discretion in this case. "[T]he Supreme Court has held that it will not find this Court in error for not considering a case on its merits where the plaintiff did not comply with the rules of this Court." **Bean**, 40 S.W.3d at 54–55 (citing **Crowe v. Birmingham & N.W. Ry. Co.**, 156 Tenn. 349, 1 S.W.2d 781 (Tenn. 1928)). Given Ms. Scullark's failure to comply with Rule 27 of the Tennessee Rules of Appellate Procedure and Rule 6 of the Tennessee Rules of the Court of Appeals, we decline to address the merits of this appeal. *See* **Bean**, 40 S.W.3d at 55; **Duchow v. Whalen**, 872 S.W.2d 692, 693 (Tenn. Ct. App. 1993). Because Ms. Scullark waived any argument on the applicability of Tennessee Code Annotated Section 29-18-130(b)(2), the trial court's finding that Ms. Scullark failed to comply with the statute and its conclusion that non-compliance deprived the court of subject matter jurisdiction must be affirmed. All other issues are pretermitted.

**Conclusion**

The judgment of the Circuit Court of Shelby County is affirmed and this cause is remanded to the trial court for all further proceedings as may be necessary and are consistent with this Opinion. Costs of this appeal are taxed to Appellant Mia Scullark, and her surety.

_____
J. STEVEN STAFFORD, JUDGE

---

[5] Rule 2 of the Tennessee Rules of Appellate Procedure provides, in relevant part:

For good cause, including the interest of expediting decision upon any matter, the Supreme Court, Court of Appeals, or Court of Criminal Appeals may suspend the requirements or provisions of any of these rules in a particular case on motion of a party or on its motion and may order proceedings in accordance with its discretion.