# IN THE COURT OF APPEALS OF TENNESSEE
## AT JACKSON
June 29, 2017 Session

## ZELLA BALENTINE v. CITY OF SAVANNAH, TENNESSEE

**Appeal from the Chancery Court for Hardin County**
**No. CH181   Carma Dennis McGee, Chancellor**

_____

### No. W2016-01865-COA-R3-CV
_____

This appeal results from the trial court's ruling that the city was allowed to demolish appellant's home based on her failure to bring the building into compliance as required by the settlement agreement reached by the parties. Based on appellant's failure to comply with the Tennessee Rules of Appellate Procedure and the Rules of the Court of Appeals, we decline to address the merits of the case and dismiss the appeal.

**Tenn. R. App. P. 3 Appeal as of Right; Appeal Dismissed**

J. STEVEN STAFFORD, P.J.,W.S., delivered the opinion of the court, in which BRANDON O. GIBSON, and KENNY ARMSTRONG , JJ., joined.

Zella Balentine, Savannah, Tennessee, Pro Se

Dennis W. Plunk, Savannah, Tennessee for the appellee, City of Savannah.

### MEMORANDUM OPINION[1]

---

[1] Rule 10 of the Rules of the Court of Appeals of Tennessee provides:

> This Court, with the concurrence of all judges participating in the case, may affirm, reverse or modify the actions of the trial court by memorandum opinion when a formal opinion would have no precedential value. When a case is decided by memorandum opinion it shall be designated "MEMORANDUM OPINION", shall not be published, and shall not be cited or relied on for any reason in any unrelated case.

BACKGROUND

In or around December 1998, Plaintiff/Appellant Zella Balentine undertook renovations to her home pursuant to a building permit issued by the Defendant/Appellee City of Savannah. In 2013, however, an inspection of the property resulted in a notice being sent to Ms. Balentine that her property was in violation of the City's Slum Clearance Ordinance and was unfit for human habitation. Ms. Balentine appeared at a hearing before the Building Inspector to state her objections on May 16, 2013. The City issued a written ruling that the structure was unsafe for habitation on May 31, 2013. Ms. Balentine appealed to the City of Savannah Board of Adjustment and Appeals. After Ms. Balentine's appeal was denied, she filed a petition for a writ of certiorari in the Hardin County Chancery Court, arguing that the City's decision was arbitrary, capricious, and/or discriminatory.

On January 5, 2016, Ms. Balentine, represented by counsel, and the City announced in open court that they had come to an agreement settling the issues. The agreement was accepted and ratified by the trial court by order of June 7, 2016. Pursuant to the agreement, the parties were to have a status conference regarding whether Ms. Balentine properly undertook her obligations under the agreement to either have the structure demolished or to bring the structure into compliance with building codes within the required time period. At the hearing on July 16, 2016, the trial court found that Ms. Balentine failed to demolish the structure or bring it into compliance as required by the settlement agreement; the trial court therefore ruled that the City had the right to demolish the structure and assess costs against Ms. Balentine. A written order reflecting the trial court's ruling was entered on August 2, 2016. Ms. Balentine thereafter appealed.

DISCUSSION

At the outset, we note that although Ms. Balentine was represented by counsel in the trial court, she appears before this Court pro se. We recognize and accept Ms. Balentine's right to appear before this Court self-represented. The law is well-settled in Tennessee, however, that pro se litigants must comply with the same standards to which lawyers must adhere. *Watson v. City of Jackson*, 448 S.W.3d 919, 926 (Tenn. Ct. App. 2014). As explained by this Court:

> Parties who decide to represent themselves are entitled to fair and equal treatment by the courts. The courts should take into account that many pro se litigants have no legal training and little familiarity with the judicial system. However, the courts must also be mindful of the boundary between fairness to a pro se litigant and unfairness to the pro se litigant's adversary. Thus, the courts must not excuse pro se litigants from complying with the same substantive and procedural rules that represented parties are expected to observe.

***Jackson v. Lanphere***, No. M2010-01401-COA-R3-CV, 2011 WL 3566978, at *3 (Tenn. Ct. App. Aug. 12, 2011) (quoting ***Hessmer v. Hessmer***, 138 S.W.3d 901, 903 (Tenn. Ct. App. 2003)). We keep these principles in mind in considering this appeal, specifically with regard to the deficiencies in Ms. Balentine's appellate brief.

We are unable to review the merits of this appeal, however, based on the "brief" submitted by Ms. Balentine, consisting of various documents tucked inside a three-pronged folder. Among the various documents is a five-page handwritten document detailing Ms. Balentine's purchase of the property, the issuance of the building permit to make renovations, the details of what occurred to allegedly make the home unfit for habitation, and an explanation of why Ms. Balentine was unable to remedy the issues with her structure. In addition, Ms. Balentine indicated that she did not agree to allow her property to be zoned for only business purposes. According to Ms. Balentine:

> I am a 70 years old and do not want to start another business. I want to be allowed to live the rest of my life in peace. Since the only option seems to be business then I want the City to pay me the "fair market value of this property" or honor the permit and allow me to fix the house the way I want it.

Ms. Balentine goes on to mention an amendment to the Tennessee Code passed in 2006 that allegedly exempted Tennesseans over the age of 65 from property tax increases, as well as "Public Chapter 707, eliminated Annex Action without consent[.]" Among the papers included in Ms. Balentine's filing, only this handwritten document appears to contain Ms. Balentine's contentions regarding the merits of this appeal.

Appellate briefs are governed by Rule 27(a) of the Tennessee Rules of Appellate Procedure, which provides:

> (a) Brief of the Appellant. The brief of the appellant shall contain under appropriate headings and in the order here indicated:
>
> (1) A table of contents, with references to the pages in the brief;
> (2) A table of authorities, including cases (alphabetically arranged), statutes and other authorities cited, with references to the pages in the brief where they are cited;
> (3) A jurisdictional statement in cases appealed to the Supreme Court directly from the trial court indicating briefly the jurisdictional grounds for the appeal to the Supreme Court;
> (4) A statement of the issues presented for review;
> (5) A statement of the case, indicating briefly the nature of the case, the course of proceedings, and its disposition in the court below;

(6) A statement of facts, setting forth the facts relevant to the issues presented for review with appropriate references to the record;

(7) An argument, which may be preceded by a summary of argument, setting forth:

> (A) the contentions of the appellant with respect to the issues presented, and the reasons therefor, including the reasons why the contentions require appellate relief, with citations to the authorities and appropriate references to the record (which may be quoted verbatim) relied on; and
>
> (B) for each issue, a concise statement of the applicable standard of review (which may appear in the discussion of the issue or under a separate heading placed before the discussion of the issues);

(8) A short conclusion, stating the precise relief sought.

Tenn. R. App. P. 27(a). Further, Rule 6 of the Rules of the Court of Appeals of Tennessee provides, in relevant part:

> (a) Written argument in regard to each issue on appeal shall contain:
>
> (1) A statement by the appellant of the alleged erroneous action of the trial court which raises the issue and a statement by the appellee of any action of the trial court which is relied upon to correct the alleged error, with citation to the record where the erroneous or corrective action is recorded.
>
> (2) A statement showing how such alleged error was seasonably called to the attention of the trial judge with citation to that part of the record where appellant's challenge of the alleged error is recorded.

R. Tenn. Ct. App. 6.

Despite the explicit mandates of Rule 27 and Rule 6, Ms. Balentine has wholly failed to comply with these requirements. First, and most importantly, Ms. Balentine's appellate brief fails to include a statement of the issues. As this Court has previously stated:

> The requirement of a statement of the issues raised on appeal is no mere technicality. First, of course, the appellee is entitled to fair notice of the appellate issues so as to prepare his or her response. Most important, this Court is not charged with the responsibility of scouring the appellate record for any reversible error the trial court may have committed. On appeal, "[r]eview generally will extend only to those issues presented for review." Tenn. R.App. P. 13.

***Owen v. Long Tire, LLC***, No. W2011-01227-COA-R3-CV, 2011 WL 6777014, at \*4 (Tenn. Ct. App. Dec. 22, 2011).  In addition, Ms. Balentine's brief contains no references to the appellate record. As we have previously held, "[t]his Court is under no duty to verify unsupported allegations in a party's brief, or for that matter consider issues raised but not argued in their brief." ***Owen***, 2011 WL 6777014, at \*4 (quoting ***Bean v. Bean***, 40 S.W.3d 52, 56 (Tenn. Ct. App. 2009)); *see* ***Mabry v. Mabry***, No. 03A01–9106CH207, 1992 WL 24995, at \*1 (Tenn. Ct. App. Feb.14, 1992) ("It is not incumbent upon this Court to sift through the record in order to find proof to substantiate the factual allegations of the parties."); *see also* ***Quaites v. Univ. of Tenn. College of Pharmacy***, No. M2011-00923-COA-R3-CV, 2012 WL 172893 (Tenn. Ct. App. Jan. 19, 2012) (dismissing an appeal for, inter alia, failure to include references to the appellate record in the appellant's brief). In addition, Ms. Balentine's arguments are generally not supported by citations to relevant legal authority.[2] Rather, the only law actually cited in the section of her brief containing her argument is vague citations to laws regarding property taxes and annexation. The Tennessee Supreme Court has noted that "[c]ourts have routinely held that the failure to make appropriate references to the record and to cite relevant authority in the argument section of the brief as required by Rule 27(a)(7) constitutes a waiver of the issue." ***Bean***, 40 S.W.3d at 55 (citing cases).

Although this Court has thoroughly reviewed the record, "[i]t is not the function of the appellate court to research and construct the parties' arguments." ***Coleman v. Coleman***, No.2011-00585-COA-R3-CV, 2015 WL 479830, at \*9 (Tenn. Ct. App. Feb. 4, 2015) (citing ***U.S. v. Dunkel***, 927 F.2d 955, 956 (7th Cir. 1991)). This Court has previously held that "profound deficiencies [like those found in Ms. Balentine's appellate brief] render[] appellate review impracticable, if not impossible." ***Owen***, 2011 WL 6777014, at \*4 (citing ***Missionary Ridge Baptist Church v. Tidwell,*** 1990 WL 94707, \*2 (Tenn. Ct. App. July 11, 1990) (refusing to rely on the brief of the appellant because it did not contain references to the record either in the statement of facts or the argument section of its brief)); *see also* ***Bean***, 40 S.W.3d at 55 (noting that the "failure to comply with the Rules of Appellate Procedure and the rules of this Court waives the issues for review").

While we recognize that this Court has discretion under Rule 2 of the Tennessee Rules of Appellate Procedure to waive the express briefing requirements for good cause, we decline to exercise our discretion in this case. "[T]he Supreme Court has held that it will not find this Court in error for not considering a case on its merits where the plaintiff did not comply with the rules of this Court." ***Bean***, 40 S.W.3d at 54–55 (citing ***Crowe v. Birmingham & N.W. Ry. Co.***, 156 Tenn. 349, 1 S.W.2d 781 (Tenn. 1928)). Given Ms.

---

[2] Ms. Balentine's brief contains copies of various laws concerning building permits and condemnation proceedings, which are often notated with handwritten statements, underlines, and asterisks. Ms. Balentine largely fails to cite to these legal authorities in the portion of her brief containing her argument.

Balentine's failure to comply with Rule 27 of the Tennessee Rules of Appellate Procedure and Rule 6 of the Tennessee Rules of the Court of Appeals, we decline to address the merits of this appeal. *See Bean*, 40 S.W.3d at 55; *Duchow v. Whalen*, 872 S.W.2d 692, 693 (Tenn. Ct. App. 1993).

In an abundance of caution, however, we have thoroughly reviewed the appellate record in this case, as well as the briefs of the parties, to determine if the trial court committed any clear errors of law or whether there were profound constitutional violations that would render the trial court's judgment suspect. Our review is hampered, however, by the fact that the record on appeal contains no transcript or statement of the evidence. Generally, when the appellant fails to provide the Court with a transcript or statement of the evidence, this Court must presume that the trial court's decision is correct. *Outdoor Mgmt., LLC v. Thomas*, 249 S.W.3d 368, 377 (Tenn. Ct. App. 2007).[3] Nevertheless, our limited review has revealed no deficiency that would allow this Court to reverse the trial court's judgment in light of Ms. Balentine's clear failure to comply with the rules of this Court. Based on the foregoing, we therefore dismiss Ms. Balentine's appeal. Costs of this appeal are taxed to Zella Balentine, for which execution may issue if necessary.

_____
J. STEVEN STAFFORD, JUDGE

---

[3] On December 19, 2016, this Court entered an order directing Ms. Balentine to file a statement indicating whether Ms. Balentine intends to file a transcript or statement of the evidence. Ms. Balentine filed a response indicating that she would not file a transcript but would file a statement of the evidence. As a result, this Court entered an order on January 25, 2017, permitting Ms. Balentine to file a statement of the evidence within ten days. Ms. Balentine subsequently filed a handwritten "Statement of My Memory of Proceeding in Court" on February 1, 2017.