E. G. DUVAL et al. *v.* M. B. BRADY et al.

SUPREME COURT PRACTICE. *Mistake.* The alleged mistake of the Clerk of the inferior Court, omitting the names of some of the appellants as parties in an appeal bond, cannot be corrected in the Supreme Court after disposition of the appeal. The Court might, in the original cause, before final determination, have granted permission to amend a defective bond, and complainants also had their remedy by writ of error, but such mistake cannot be the object of a new bill.

FROM SHELBY:

Appeal from the Chancery Court at Memphis. R. J. MORGAN, Ch.

H. CRAFT for Complainants.

J. M. GREGORY and T. B. MICOU for Defendants.

McFARLAND, J., delivered the opinion of the Court.

Two bills were filed in the Chancery Court at Memphis, by creditors of the firm of Norvell, Boone & Co., to set aside a conveyance made by William McKeon, a member of said firm, for the benefit of his wife and children, and to subject the property conveyed to the satisfaction of the claims of the several complainants.

The complainants and defendants in the present bill were complainants in either one or the other of said two first named bills, or became so by petition, they claiming to be separate creditors of said firm. Said causes were consolidated and heard together and the bills dismissed by the Chancellor.

Upon a hearing in this Court upon appeal, at the April Term, 1879, the decree of the Chancellor was reversed, the conveyance declared to be fraudulent, and the same set aside; and the property was ordered to be sold to satisfy the claims of the complainants in said causes; but it was further held that only three of the several complainants in said causes had presented their appeals from the decree of the Chancellor. All had prayed an appeal, but according to the holding of this Court, only three had complied with the conditions upon which the appeal was granted, by executing appeal bonds, and accordingly the decree of this Court was only in favor of the three appellants.

Subsequently, the present bill was filed by the complainants in the first named bills, who were held not to have appealed against the three who obtained the benefit of the appeal, for the purpose of having a *pro rata* distribution of the property recovered, or its proceeds.

The bill is predicated upon two grounds: 1st, That the firm of Norvell, Boone & Co., as well as the estate of W. McKeon, being insolvent, the recovery will enure to the benefit of all the cred-

itors of said estate, whether parties to the cause
or not. In support of this position, we are cited
to the case of *Rains* v. *Rainey*, 11 Hum., 261.
That case does hold that where the estate of an
intestate is being administered under the insolvent
laws, and one creditor alone sues for and recovers
the proceeds of property fraudulently conveyed by
the intestate, that the other creditors may compel
a *pro rata* distribution of the recovery, less the
costs and expenses. The principle of that case
cannot be applied here, because it is not charged
that the insolvency of the estate of William Mc-
Keon was ever suggested, or any steps taken to
administer it as an insolvent estate. Nor is the
personal representative of said McKeon made a
party to the present bill. Further, the decree of
the Chancellor in the first named causes dismissing
the bill without even a judgment for the debts, re-
mains in full force as to the present complainants.
This decree was rendered in 1872.

The second ground of the present bill is, that
the failure to execute the proper appeal bonds in
the first named causes, was owing to the mistake
of the Clerk who prepared the bonds in omitting
the names of the present complainants as parties
thereto.

We think it clear that such a mistake cannot
be corrected in this mode. This Court might in
the original causes have granted permission to
amend or supply a defective bond, and the com-
plainants also had their remedy by writ of error,

but we do not perceive how the mistake or oversight can be the subject of a new bill.

It is further earnestly argued that the decision of this Court, denying to the present complainants the benefit of the appeal in the original causes, was erroneous. However this may be, it was at all events deliberately adjudged, and the error, if one, cannot now be corrected.

The decree of the Chancellor, dismissing the bill, must be affirmed with costs.