HORACE CROWE, ADMINISTRATOR OF ʿESTATE OF J. D. CROWE, DECEASED, *v.* BIRMINGHAM & NORTHWESTERN RAILWAY COMPANY.*

(*Jackson.* April Term, 1927.)

Opinion filed  January 13, 1928.

## 1. APPEAL. ERROR. SUPREME COURT. COURT OF APPEALS. RULES OF COURT.

This Court will not adjudge the Court of Appeals in error for refusing to consider a case upon its merits where the plaintiff has not complied with the rules of that court.  (Post, p. 351.)

## 2. APPEALS. WRIT OF ERROR. APPEAL IN THE NATURE OF WRIT OF ERROR.

While under our statutes an appeal by writ of error and an appeal in the nature of a writ of error are alternative remedies, the statute provides that where an appeal in the nature of a writ of error is dismissed on the ground that the record was not brought up within the time prescribed by the rules of the court, the appellant may prosecute a writ of error within the same time as if no appeal in the nature of a writ of error had been taken.  (Post, p. 351.)

Citing: Shannon's Code, section 4909; Shannon's Code, section 4911; Shannon's Code, section 4921; Asdell v. Sutherland, 7 Tenn. (1 Peck.), 118; Duval v. Brady, 72 Tenn. (4 Lea), 528; Covington v. Meilson, 14 Tenn. (6 Yerg.), 475.

## 3. APPEAL. WRIT OF ERROR. APPEAL IN THE NATURE OF A WRIT OF ERROR.

Where an appeal in the nature of a writ of error has been perfected, but the appeal has been dismissed because the assignments of error were not filed within the time prescribed by the rules of the court, the appellant cannot prosecute a writ of error.  (Post, p. 352.)

---

*Headnotes 1. Appeal and Error, 4 C. J., section 3063 (Anno); 2. Appeal and Error, 3 C. J., section 86; 3. Appeal and Error, 3 C. J., section 92.

Appeal from the Circuit Court of Crockett County.—
Hon. W. W. Bond, Judge.

Cowan & Burgess, for complainant.

Pearson & Hemley, for defendant.

Mr. Justice McKinney delivered the opinion of the
Court.

In the Circuit Court at Alamo, in September, 1926, the
plaintiff recovered a judgment against the defendant for
$2500.

On October 4, 1926, the trial court granted the de-
fendant's motion for a new trial, to which plaintiff duly
excepted, and prepared and had filed a wayside bill of
exceptions.

The case was again tried in January, 1927, resulting in
a verdict in favor of the defendant. Motion for a new
trial was overruled, and plaintiff prayed and was grant-
ed an appeal in the nature of a writ of error to the Court
of Appeals. The appeal was perfected and the tran-
script filed in that court on April 9, 1927, and the assign-
ments of error and brief in support thereof were filed
on May 10, 1927.

The rules of the Court of Appeals provide that assign-
ments of error must be filed within twenty-five days after
the filing of the transcript. In this situation, on motion
of defendant, the judgment of the trial court was affirmed
because the assignments of error were not filed within
the time prescribed by the rules of that court. Plaintiff

filed a petition to rehear, supported by affidavits, which was subsequently denied. Plaintiff also filed a motion to be permitted to file the record for a writ of error, which was likewise denied by the Court of Appeals.

The plaintiff has filed a petition for writ of *certiorari*, supported by assignments of error and brief, in which it is urged that the Court of Appeals committed error in the particulars above referred to.

*(1)* This court will not adjudge the Court of Appeals in error for refusing to consider a case upon its merits where the appellant has not complied with the rules of that court.

*(2)* We are further of the opinion that the Court of Appeals committed no error in dismissing the petition for writ of error.

Section 4909 of Shannon's Annotated Code provides:

"Either party to an action at law in the Circuit Court or to an issue of fact tried by jury in the Chancery Court at the instance of the parties, may, in like manner, at the term at which final judgment is rendered, or a decree from which an appeal may be allowed is entered, pray an appeal in the nature of a writ of error to the Supreme Court."

Section 4911 is as follows:

"A writ of error lies from the final judgment of the County Court to the Circuit or Supreme Court, and from the Circuit and Chancery Court to the Supreme Court, in all cases where an appeal in the nature of a writ of error would have lain."

These remedies are alternative, and a party cannot resort to both. Were it otherwise a party could have his case reviewed upon an appeal in the nature of a writ of error and if cast in the suit have the same case again reviewed upon a writ of error.

In *Asdell* v. *Sutherland,* 7 Tenn., 118, it was held that if a party obtain an appeal in the nature of a writ of error, but fail to bring up his record in due time, so that it is dismissed under the rule of court, he cannot have his writ of error, as he would have been otherwise entitled to.

The legislature, in all probability to meet that decision, by section 1, chapter 50, of the Acts of 1827, Shannon's Annotated Code, section 4921, provided as follows:

"Where an appeal in the nature of a writ of error is dismissed on the ground that the record was not brought up within the time prescribed by the rules of the court, the appellant may, notwithstanding, prosecute a writ of error within the same time, and under the same regulations, as if no appeal in the nature of a writ of error had been taken in the case."

But this statute has no application to the situation presented by this record. Here the bond was given and the transcript filed in due time, and the appeal was perfected.

Since the Act of 1827 this court has held that a writ of error lies where the appeal was not perfected because of failure to execute bond, or file the record in time. *Duval* v. *Brady,* 72 Tenn., 528; *Covington* v. *Neilson,* 14 Tenn., 475.

(3) But we have been referred to no authority holding that a writ of error will lie where an appeal has been perfected in the case, and to so hold would be equivalent to saying that a party is entitled to have his case reviewed twice by the appellate court.

Entertaining these views it results that the writ will be denied.