**W. E. HAMBY et al., Appellants,**

v.

**Beatrice MILLSAPS, Appellee.**

Supreme Court of Tennessee.

Dec. 6, 1976.

Luther, Anderson, Ruth & Cleary, Chattanooga, for appellants.

Ziegler & Guinn, Athens, for appellee.

## OPINION

BROCK, Justice.

This is an action for recovery of death benefits under the Workmen's Compensation Act. The Chancellor awarded a recovery to the plaintiff, Mrs. Millsaps, and defendant, Hamby, seeks review by writ of error. Plaintiff asserts that the defendant is not entitled to review by writ of error because he has already had the benefit of the remedy of appeal in the nature of a writ of error.

The final decree of the Chancellor was entered on October 13, 1975. That decree, pursuant to defendant's prayer, granted an appeal to this Court and allowed thirty (30) days for filing an appeal bond and sixty (60) days for filing a bill of exceptions. The appeal bond was filed on November 12, 1975, and the transcript of the record was filed in the office of the Clerk of this Court on December 3, 1975. However, the defendant-appellant did not file Assignment of Errors and Brief within twenty-five (25) days of the filing of the transcript, as required by Rule 14, Rules of Supreme Court, and, for this reason, pursuant to a motion of the appellee, the appeal was dismissed by this Court on January 29, 1976. See Rule 15(2), Rules of Supreme Court.

T.C.A. § 27–601 permits review of a judgment by writ of error "in all cases where an appeal in the nature of a writ of error would have lain." T.C.A. § 50–1018, provides that decrees in Workmen's Compensation cases are to be reviewed by an appeal in the nature of a writ of error. But it is settled that the two remedies are alternative procedures and a resort to both is not permitted. *Crowe v. Birmingham & N. W. R. Co.,* 156 Tenn. 349, 1 S.W.2d 781 (1938). The language of T.C.A. § 27–601, ". . . would have lain," implies that the remedy of an appeal in the nature of a writ of error, although available, has not been perfected or utilized.

Thus, the cases hold that writ of error is available when the appealing party has lost or not availed himself of the remedy of appeal in the nature of a writ of error by his failure to "perfect" the appeal by (1) timely filing an appeal bond or oath in *forma pauperis* and (2) timely filing of a transcript of the record in the appellate court. *Burcham v. Carbide & Carbon Chem. Corp.,* 188 Tenn. 592, 221 S.W.2d 888 (1949); *Ward v. N. Amer. Rayon Corp.,* 211 Tenn. 535, 366 S.W.2d 134 (1963); *Duval v. Brady,* 72 Tenn. 528 (1880); *Covington v. Neilson,* 14 Tenn. 475 (1834); *Bond v. N. Greenwald & Co.,* 51 Tenn. 453 (1871). Merely filing the appeal bond or pauper's oath without also filing a transcript of the record does not serve to cut off the right of the appealing party to later have a review by writ of error. *Burcham v. Carbide & Carbon Chem. Corp., supra.* But, if the appeal in the nature of writ of error is fully perfected by timely filing of appeal bond or pauper's oath *and* transcript of the record, the remedy of writ of error is no longer available. This is true even though a review of the merits of the appeal is not obtained, whether due to voluntary abandonment of the appeal by the appellant, *Turner v. S. Pittsburg Lumber & Coal Co.,* 14 Tenn.App. 297 (1931) or to the dismissal of the appeal by the appellate court because the appellant fails to file assignments of error and brief within the time required by law or rules of the court or for other good cause. *Crowe v. Birmingham & N. W. Ry. Co.,* 156 Tenn. 349, 1 S.W.2d 781 (1928).

In this case the defendant, Hamby, perfected his appeal in the nature of a writ of error by timely filing of the appeal bond and transcript of the record. Therefore, he has had the benefit of the remedy of appeal in the nature of a writ of error, even

though he lost the right to a review of the merits of his appeal by reason of the dismissal thereof because of his failure to file assignments of error and brief within the time required. He, therefore, is not entitled to review now by writ of error. *Crowe v. Birmingham & N. W. Ry. Co., supra.*

The petition for writ of error is denied and costs taxed against the plaintiff-in-error, Hamby and surety.

COOPER, C. J., and FONES, HENRY and HARBISON, JJ., concur.