# IN THE COURT OF APPEALS OF TENNESSEE
## AT JACKSON
### Assigned on Briefs November 24, 2015

## JANICE GAIL MORY v. DANIEL KEITH MORY

### Direct Appeal from the Chancery Court for Henry County
### No. 22558      Carma Dennis McGee, Chancellor

---

### No. W2015-00423-COA-R3-CV – Filed January 7, 2016

---

This appeal arises out of a divorce case. The husband asserts that the trial court erred in classifying, valuing, and distributing the parties' marital property. Because the husband failed to comply with Rule 7 of the Rules of the Court of Appeals of Tennessee, we deem his issues regarding the marital property division to be waived. The trial court's decision is accordingly affirmed.

### Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Chancery Court Affirmed and Remanded

BRANDON O. GIBSON, J., delivered the opinion of the court, in which J. STEVEN STAFFORD, P.J., W.S., and KENNY ARMSTRONG, J., joined.

Albert Wade, Jr., Paris, Tennessee, for the appellant, Daniel Keith Mory.

Terry J. Leonard, Camden, Tennessee, for the appellee, Janice Gail Mory.

### MEMORANDUM OPINION[1]

### I. FACTS & PROCEDURAL HISTORY

Janice Gail Mory ("Wife") and Daniel Keith Mory ("Husband") were married on

---

[1]Tennessee Court of Appeals Rule 10 provides:

> This Court, with the concurrence of all judges participating in the case, may affirm, reverse, or modify the actions of the trial court by memorandum opinion when a formal opinion would have no precedential value. When a case is decided by memorandum opinion it shall be designated "MEMORANDUM OPINION", shall not be published, and shall not be cited or relied on for any reason in any unrelated case.

November 6, 2010. This was each party's third marriage. After numerous separations and reconciliations, Wife filed a complaint for divorce on December 16, 2013. The trial court entered an order declaring the parties divorced on September 12, 2014. Following a hearing, the trial court entered a final order resolving the remaining issues on December 19, 2014. The final order incorporated by reference a twenty-page letter ruling containing detailed findings of fact and conclusions of law, along with additional exhibits. Relevant to this appeal, the trial court classified numerous assets as separate property belonging to either Husband or Wife. The trial court assigned values to the various assets that it deemed marital property and distributed the marital property between the parties in a manner that the court deemed equitable.

Both parties filed motions to alter or amend, which the trial court denied. Husband timely filed a notice of appeal.

## II. ISSUES PRESENTED

Husband's brief does not contain a section designating the issues he seeks to present on appeal.[2] However, the headings listed within the body of his brief state:

1. Did the trial court err in establishing that the money held in the USAA Account was marital property;

2. Did the trial court err as to the division of the USAA Account;

3. Did the trial court err as to the value of the account; and

4. Did the trial court err in not tracing back the source of the funds to the party that put the money in the account or alternatively, follow[ing] Texas and Tennessee law?

For the following reasons, we affirm the decision of the chancery court and remand for further proceedings.

## III. DISCUSSION

"The rules of this Court set out specific requirements for the contents of a brief in

___

[2]"[A]n issue may be deemed waived when it is argued in the brief but is not designated as an issue in accordance with Tenn. R. App. P. 27(a)(4)." *Hodge v. Craig*, 382 S.W.3d 325, 335 (Tenn. 2012) (citing *ABN AMRO Mortg. Grp., Inc. v. Southern Sec. Fed. Credit Union*, 372 S.W.3d 121, 132 (Tenn. Ct. App. 2011); *Childress v. Union Realty Co.*, 97 S.W.3d 573, 578 (Tenn. Ct. App. 2002)). In this case, however, we do not reach the merits of the issues for other reasons.

a domestic relations case in which a party challenges a trial court's disposition of marital property." *Townsend v. Townsend*, No. W2004-02034-COA-R3CV, 2005 WL 3416310, at *6 (Tenn. Ct. App. Dec. 14, 2005). Specifically, Rule 7 of the Rules of the Court of Appeals of Tennessee provides, in pertinent part:

> (a) In any domestic relations appeal in which either party takes issue with the *classification* of property or debt *or with the manner in which the trial court divided or allocated* the marital property or debt, the brief of the party raising the issue *shall contain*, in the statement of facts or in an appendix, a table in a form substantially similar to the form attached hereto. This table shall list all property and debts considered by the trial court, including: (1) all separate property, (2) all marital property, and (3) all separate and marital debts.
>
> (b) Each entry in the table must include a citation to the record where each party's evidence regarding the classification or valuation of the property or debt can be found and a citation to the record where the trial court's decision regarding the classification, valuation, division, or allocation of the property or debt can be found.

(Emphasis added.) Basically, "in all cases where a party takes issue with the classification and division of marital property, the party must include in its brief a chart displaying the property values proposed by both parties, the value assigned by the trial court, and the party to whom the trial court awarded the property." *Akard v. Akard*, No. E2013-00818-COA-R3-CV, 2014 WL 6640294, at *4 (Tenn. Ct. App. Nov. 25, 2014) (*no perm. app. filed*). Rule 7 even provides an exemplar to illustrate the proper designation and tabulation of marital assets. *Townsend*, 2005 WL 3416310, at *6.

In this case, Husband takes issue with the trial court's classification and valuation of property and the manner in which the court divided the property. However, Husband's brief does not contain an appropriate table in compliance with Rule 7. Instead, it contains a skeletal table listing only $3,450 in unnamed "separate property" awarded to Wife (not nearly all that was at issue or awarded by the trial court) and a cumulative total value of marital property that the trial court awarded to Husband and Wife. The table does not list *any* specific assets or debts, whether marital or separate property, nor does it contain any citations to the record or values proposed by the parties. Husband's table certainly is not "substantially similar" to the exemplar provided by Rule 7, as required by the text of the Rule.

We have explained the purpose of Rule 7 as follows:

3

Valuation and division of property are perhaps two of the most complicated decisions a trial court must make in a divorce proceeding. Often when these issues are appealed, the record consists of volumes of trial transcripts and exhibits. Therefore, it is essential that the parties comply with Rule 7 in order to aid this Court in reviewing the trial court's decision. The table required by Rule 7 allows this Court to easily and correctly determine the valuation and distribution of the marital estate as ordered by the trial court. Further, the Rule 7 table allows this Court to ascertain the contentions of each party as to the correct valuations and proper distribution, as well as the evidence in the record which the party believes supports its contention. Consequently, a table, in full compliance with Rule 7, is vital as this Court must consider the entire distribution of property in order to determine whether the trial court erred. Moreover, this Court is under no duty to minutely search the record for evidence that the trial court's valuations may be incorrect or that the distribution may be improper.

*Harden v. Harden*, No. M2009-01302-COA-R3-CV, 2010 WL 2612688, at *8 (Tenn. Ct. App. June 30, 2010) (citations omitted).

This Court has repeatedly held that failure to comply with the requirements of Rule 7 waives issues relating to the division of property in a divorce case. *See, e.g.*, *Akard*, 2014 WL 6640294, at *4-5; *Forbess v. Forbess*, 370 S.W.3d 347, 356 (Tenn. Ct. App. 2011); *Townsend*, 2005 WL 3416310, at *6; *Spurgeon v. Spurgeon*, No. M2004-00028-COA-R3-CV, 2005 WL 1390067, at *2 (Tenn. Ct. App. June 13, 2005); *Durant v. Durant*, No. M2001-00691-COA-R3-CV, 2002 WL 772923, at *3 (Tenn. Ct. App. Apr. 30, 2002). It is "well settled" that where an appellant fails to comply with Rule 7, he or she waives all issues relating to the rule's requirements. *Rountree v. Rountree*, 369 S.W.3d 122, 133 n.7 (Tenn. Ct. App. 2012).

We recognize that this Court may suspend the requirements of the Rules in a given case for "good cause."[3] *See* Tenn. R. Ct. App. 1(b). However, we discern no such cause in this particular case. The Tennessee Supreme Court has held that it will not find this

---

[3]*See, e.g.*, *Rountree*, 369 S.W.3d at 133 (considering the merits of a marital property issue even though the appellant did not "strictly comply" with Rule 7 when he failed to include the necessary table in his initial brief but included it in his reply brief); *Green v. Green*, No. M2011-00840-COA-R3-CV, 2012 WL 2389607, at *3 (Tenn. Ct. App. June 25, 2012) (considering the merits of a marital property issue despite the lack of a Rule 7 table where the trial court did not classify the parties' property and debt before dividing it, and therefore a Rule 7 table would have been of limited use anyway, but cautioning that the Court's holding "should not be construed as setting forth a general rule that a party may be routinely excused from including a Rule 7 table").

Court in error for not considering a case on its merits where the appellant did not comply with the rules of this Court. *Bean v. Bean*, 40 S.W.3d 52, 54-55 (Tenn. Ct. App. 2000) (citing *Crowe v. Birmingham & N.W. Ry. Co.*, 156 Tenn. 349, 1 S.W.2d 781 (1928)).

## IV. CONCLUSION

For the aforementioned reasons, the decision of the chancery court is hereby affirmed and remanded for further proceedings. Costs of this appeal are taxed to the appellant, Daniel Keith Mory, and his surety, for which execution may issue if necessary.

_____
BRANDON O. GIBSON, JUDGE

5