# IN THE COURT OF APPEALS OF TENNESSEE
## AT KNOXVILLE
Assigned on Briefs January 15, 2016

## NANCY M. HOUSTON v. ROCKY J. HOUSTON

**Direct Appeal from the General Sessions Court for Roane County**
**No. 14-CV-337     Larry Michael Warner, Judge**

---

### No. E2015-00925-COA-R3-CV-FILED-FEBRUARY 5, 2016

---

This appeal arises out of a divorce case. Due to the deficiencies in Defendant's brief on appeal, we conclude that he waived any consideration of any issues on appeal. The appeal is dismissed.

### Tenn. R. App. P. 3 Appeal as of Right; Appeal Dismissed

BRANDON O. GIBSON, J., delivered the opinion of the court, in which J. STEVEN STAFFORD, P.J., W.S., and KENNY ARMSTRONG, J., joined.

Rocky J. Houston, Ashland, Kentucky, *Pro se*.

Sharon L. Reynolds, Kingston, Tennessee, for the appellee, Nancy M. Houston

### OPINION

### Facts

Nancy M. Houston ("Wife") and Rocky J. Houston ("Husband") were married on June 22, 1984. The parties separated on or about January 11, 2013, after Husband was incarcerated.

Wife filed a complaint for divorce on March 31, 2014, pursuant to Tennessee Code Annotated section 36-4-101(14), citing irreconcilable differences or in the alternative, pursuant to Tennessee Code Annotated section 36-4-101(5), citing that Defendant has been convicted of a crime under the laws of the State of Tennessee that would render him infamous. The trial court determined Wife had established grounds for divorce and awarded Wife an absolute divorce on January 20, 2015.

Husband appeals.

## Discussion

Our Court's ability to review the merits of this appeal is hindered by the state of the brief submitted by Husband. Briefs submitted to the Tennessee Court of Appeals are governed by Rule 27 of the Tennessee Rules of Appellate Procedure, which provides:

(a) Brief of the Appellant. The brief of the appellant shall contain under appropriate headings and in the order here indicated:

(1) A table of contents, with references to the pages in the brief;

(2) A table of authorities, including cases (alphabetically arranged), statutes and other authorities cited, with references to the pages in the brief where they are cited;

(3) A jurisdictional statement in cases appealed to the Supreme Court directly from the trial court indicating briefly the jurisdictional grounds for the appeal to the Supreme Court;

(4) A statement of the issues presented for review;

(5) A statement of the case, indicating briefly the nature of the case, the course of proceedings, and its disposition in the court below;

(6) A statement of facts, setting forth the facts relevant to the issues presented for review with appropriate references to the record;

(7) An argument, which may be preceded by a summary of argument, setting forth:

(A) the contentions of the appellant with respect to the issues presented, and the reasons therefor, including the reasons why the contentions require appellate relief, with citations to the authorities and appropriate references to the record (which maybe quoted verbatim) relied on; and

(B) for each issue, a concise statement of the applicable standard of review (which may appear in the discussion of the issue or under a separate heading placed before the discussion of the issues);

(8) A short conclusion, stating the precise relief sought.

Defendant's brief wholly fails to comply with the requirements of Rule 27. It does not include the table of contents required by subsection (1), the table of authorities required by subsection (2), a statement of issues presented for review as required by subsection (4), a statement of the case pursuant to subsection (5), a statement of facts section or references to the record in accordance with subsection (6), or an argument section containing references to the record and the applicable standard of review as required by subsection (7).

Although we realize the "legal naivete" of a pro se litigant, "we must not allow him an unfair advantage because he represents himself." *Frazier v. Campbell*, No.

W2006-00031-COA-R3-CV, 2006 WL 2506706, at *3 (Tenn. Ct. App. Aug. 31, 2006) (citing *Irvin v. City of Clarksville*, 767 S.W.2d 649, 651-52 (Tenn. Ct. App. 1989)).

"Pro se litigants who invoke the complex and technical procedures of the courts assume a very heavy burden." *Irvin*, 767 S.W.2d at 652. They are entitled to fair and equal treatment, but they must follow the same substantive and procedural requirements as a represented party, and they may not shift the burden of litigating their case to the courts. *Whitaker v. Whirlpool Corp.*, 32 S.W.3d 222, 227 (Tenn. Ct. App. 2000).

"[T]he Supreme Court has held that it will not find this Court in error for not considering a case on its merits where the plaintiff did not comply with the rules of this Court." *Bean v. Beam*, 40 S.W.3d 52, 54-55 (Tenn. Ct. App. 2000) (citing *Crowe v. Birmingham & N.W. Ry. Co.*, 156 Tenn. 349, 1 S.W.2d 781 (1928)). "[A]ppellate courts may properly decline to consider issues that have not been raised and briefed in accordance with the applicable rules." *Waters v. Farr*, 291 S.W.3d 873, 919 (Tenn. 2009). "We have previously held that a litigant's appeal should be dismissed where his brief does not comply with the applicable rules, or where there is a complete failure to cite to the record." *Commercial Bank, Inc. v. Summers*, No. E2010-02170-COA-R3-CV, 2011 WL 2673112, at *2 (Tenn. Ct. App. July 11, 2011). Defendant's brief wholly fails to comply with the provisions of Rule 27 regarding the content of briefs. He did not include a single reference to the appellate record, he did not properly cite applicable law, and perhaps the most glaring omission is that he did not clearly raise any issues to suggest that the trial court erred in granting wife an absolute divorce and in the division of marital property. We therefore decline to examine the merits of any issues on appeal and dismiss this appeal.

## Conclusion

For the aforementioned reasons, this appeal is dismissed. Costs are taxed to the appellant, Rocky J. Houston, for which execution may issue if necessary.

_____
BRANDON O. GIBSON, JUDGE

3