IN THE COURT OF APPEALS OF TENNESSEE
AT JACKSON
Assigned on Briefs October 2, 2017

## VERRINA M. SHIELDS BEY v. WILSON & ASSOCIATES, PLLC, ET AL.

**Direct Appeal from the Chancery Court for Shelby County**
**No. CH-16-0783-2      Jim Kyle, Chancellor**

_____

### No. W2016-01330-COA-R3-CV
_____

This is an appeal challenging the trial court's order denying a motion for interlocutory appeal. Due to the deficiencies in Appellant's brief on appeal, we find that she waived consideration of any issues on appeal and hereby dismiss the appeal.

**Tenn. R. App. P. 3 Appeal as of Right; Appeal Dismissed**

BRANDON O. GIBSON, J., delivered the opinion of the court, in which CHARLES D. SUSANO, JR., and RICHARD H. DINKINS, JJ., joined.

Verrina M. Shields Bey, Memphis, Tennessee, *Pro se*.

Gerald Morgan, Brentwood, Tennessee, for the appellee, Wilson & Associates, PLLC.

Edmund Scott Sauer, Brian Robert Epling, and Erin Alexandra McFall, Nashville, Tennessee, for the appellee, Wells Fargo Bank, N.A.

### MEMORANDUM OPINION[1]

#### BACKGROUND

Verrina Michelle Shields Bey ("Appellant"), filed a "Petition [to] Quiet Title to

---

[1] Tennessee Court of Appeals Rule 10 provides:

This Court, with the concurrence of all judges participating in the case, may affirm, reverse, or modify the actions of the trial court by memorandum opinion when a formal opinion would have no precedential value. When a case is decided by memorandum opinion it shall be designated "MEMORANDUM OPINION", shall not be published, and shall not be cited or relied on for any reason in any unrelated case.

Set Aside and Void Foreclosure Claim and Declaratory [] Injunction" on May 9, 2016, concerning real property located at 2486 Harvard Avenue, Memphis, Tennessee, against Wilson & Associates, P.L.L.C. and Wells Fargo Bank, N.A. (collectively "Appellees"). Although it is difficult to discern from the sparse record, it appears that the trial court may have orally ruled, on May 10, 2016, that Appellant's complaint would be dismissed with prejudice. Nothing in the record indicates that a written order was entered memorializing the trial court's oral ruling. On May 11, 2016, Appellant filed a motion for an interlocutory appeal with the trial court. The trial court denied the motion on May 20, 2016. Appellant filed a notice of appeal on June 20, 2016.

On November 8, 2016, this Court directed Appellant to obtain entry of a final judgment or show cause why the appeal should not be dismissed for lack of a final judgment. After Appellant failed to respond to the November 8, 2016 order, this Court issued a second order to show cause directing Appellant to obtain a final order. Appellant again failed to obtain a final order, and on March 20, 2017, the trial court entered its written order, reflecting its *sua sponte* dismissal of Appellant's complaint as being barred by the doctrine of *res judicata*. For the reasons discussed herein, we hold that Appellant's brief on appeal is fatally deficient and hereby dismiss the appeal.

## DISCUSSION

Our ability to review the merits of this appeal is greatly hindered by the state of the brief submitted by Appellant. Tennessee Rule of Appellate Procedure 27[2] governs

---

[2]Tenn. R. App. P. 27

(a) Brief of the Appellant. The brief of the appellant shall contain under appropriate headings and in the order here indicated:

(1) A table of contents, with references to the pages in the brief;

(2) A table of authorities, including cases (alphabetically arranged), statutes and other authorities cites, with references to the pages in the brief where they are cited;

(3) A jurisdictional statement in cases appealed to the Supreme Court directly from the trial court indicating briefly the jurisdictional grounds for the appeal to the Supreme Court;

(4) A statement of the issues presented for review;

(5) A statement of the case, indicating briefly the nature of the case, the course of the proceedings, and its disposition in the court below;

(6) A statement of facts, setting forth the facts relevant to the issues presented for review

briefs submitted to the Tennessee Court of Appeals.

Rule 27(a)(7) of the Tennessee Rules of Appellate Procedure provides that an appellant's brief must contain an argument setting forth "the contentions of the appellant with respect to the issues presented, and the reasons therefor, including the reasons why the contentions require appellate relief, with citations to the authorities and appropriate references to the record (which may be quoted verbatim) relied on." Tenn. R. Ct. App. Rule 27(a). According to the Tennessee Supreme Court, "[a]n issue may be deemed waived, even when it has been specifically raised as an issue, when the brief fails to include an argument satisfying the requirements of Tenn. R. App. P. 27(a)(7)." *Hodge v. Craig*, 382 S.W.3d 325, 335 (Tenn. 2012).

"This court has repeatedly held that a party's failure to cite authority for its arguments or to argue the issues in the body of its brief constitute a waiver on appeal." *Forbess v. Forbess*, 370 S.W.3d 347, 355 (Tenn. Ct. App. 2011). "It is not the role of the courts, trial or appellate, to research or construct a litigant's case or arguments for him or her, and where a party fails to develop an argument in support of his or her contention or merely constructs a skeletal argument, the issue is waived." *Sneed v. Bd. of Prof'l Responsibility of Supreme Court*, 301 S.W.3d 603, 615 (Tenn. 2010).

Further, Rule 6 of the Rules of the Court of Appeals of Tennessee requires an appellate brief to contain a written argument regarding each issue on appeal, with a statement of the alleged erroneous action of the trial court, as well as a specific reference to the record where such action is recorded. Rule 6 further provides:

> No complaint of or reliance upon action by the trial court will be considered on appeal unless the argument contains a specific reference to the page or pages of the record where such action is recorded. No assertion

---

with appropriate references to the record;

(7) An argument, which may be preceded by a summary of argument, setting forth:

(A) the contentions of the appellant with respect to the issues presented, and the reasons therefor, including the reasons why the contentions require appellate relief, with citations to the authorities and appropriate references to the record (which maybe quoted verbatim) relied on; and

(B) for each issue, a concise statement of the applicable standard of review (which may appear in the discussion of the issue or under a separate heading placed before the discussion of the issues);

(8) A short conclusion, stating the precise relief sought.

of fact will be considered on appeal unless the argument contains a reference to the page or pages of the record where evidence of such fact is recorded.

Tenn. R. Ct. App. 6(b).

Although we realize the "legal naiveté" of a *pro se* litigant, "we must not allow h[er] an unfair advantage because [s]he represents [her]self." *Frazier v. Campbell*, No. W2016-00031-COA-R3-CV, 2006 WL 2506706, at *3 (Tenn. Ct. App. Aug. 31, 2006) (citing *Irvin v. City of Clarksville*, 767 S.W.2d 649, 651-52 (Tenn. Ct. App. 1989)). "*Pro se* litigants who invoke the complex and sometimes technical procedures of the courts assume a very heavy burden." *Irvin*, 767 S.W.2d at 652. They are entitled to fair and equal treatment, but they must follow the same substantive and procedural requirements as a represented party, and they may not shift the burden of litigating their case to the courts. *Whitaker v. Whirlpool Corp.*, 32 S.W.3d 222, 227 (Tenn. Ct. App. 2000).

"[T]he Supreme Court has held that it will not find this Court in error for not considering a case on its merits where the plaintiff did not comply with the rules of this Court." *Bean v. Bean*, 40 S.W.3d 52, 54-55 (Tenn. Ct. App. 2000) (citing *Crowe v. Birmingham & N.W. Ry. Co.*, 156 Tenn. 349, 1 S.W.2d 781 (1928)). "[A]ppellate courts may properly decline to consider issues that have not been raised and briefed in accordance with the applicable rules." *Waters v. Farr*, 291 S.W.3d 873, 919 (Tenn. 2009) (Koch, J., concurring in part and dissenting in part). "We have previously held that a litigant's appeal should be dismissed where his brief does not comply with the applicable rules, or where there is a complete failure to cite to the record." *Commercial Bank, Inc. v. Summers*, No. E2010-02170-COA-R3-CV, 2011 WL 2673112, at *2 (Tenn. Ct. App. July 11, 2011).

The issues raised in Appellant's brief, as well as the "statement of facts" and "argument" sections of her brief, are rambling and incoherent. Appellant's argument does not contain the required citations to the record or any relevant legal authority in accordance with Rule 27(a) of the Tennessee Rules of Appellate Procedure. Further, Appellant's brief does not include a statement of the case pursuant to subsection (5), a statement of facts section with references to the record in accordance with subsection (6), an argument section containing references to the record and the applicable standard of review as required by subsection (7), or a short conclusion, stating the precise relief sought as required by subsection (8). Due to the numerous inadequacies in Appellant's brief, as well as our inability to discern the arguments Appellant is attempting to make on appeal, we are unable to review the merits of this appeal. Accordingly, Appellant's

appeal is dismissed.

On appeal, Appellee, Wells Fargo Bank requested this Court deem the appeal frivolous and impose sanctions against Appellant. However, we decline to do so.

## CONCLUSION

For the aforementioned reasons, the appeal is hereby dismissed. Costs of this appeal are taxed to the Appellant, Verrina M. Shields Bey. Because Verrina M. Shields Bey is proceeding *in forma pauperis* in this appeal, execution may issue for costs if necessary.

_____
BRANDON O. GIBSON, JUDGE