IN THE COURT OF APPEALS OF TENNESSEE
AT JACKSON
Assigned on Briefs March 1, 2018

## HSBC BANK N.A. v. VERRINA SHIELDS

**Appeal from the Circuit Court for Shelby County**
**No. CT-002851-15  Jerry Stokes, Judge**

———————————————————

### No. W2016-01625-COA-R3-CV

———————————————————

This is an appeal of a routine detainer action. Nevertheless, in her reply brief, the appellant states this case "is a 'Tax Event' and a 'Pre-Paid' account exempt from levy defendants are in commercial dishonor for non-acceptance and payment under section 3-505, 510 of Uniform Commercial Code subject to forfeiture & collection under GAP. Verrina Shields Bey herein 'Responds To Defendants Brief' against Counsel for this 'Tax Event' to have the court rule in her favor and stop, terminate a attempted illegal, unlawful foreclosure." Contrary to the appellant's contentions, the real property at issue was sold at foreclosure, and this is merely a detainer action in which the purchaser of the property, the appellee, is seeking possession of the property. Both the general sessions court and the circuit court of Shelby County ruled in favor of the appellee and entered judgment awarding a writ of possession to the appellee. Due to profound deficiencies in the appellant's brief and reply brief, we dismiss the appeal.

### Tenn. R. App. P. 3 Appeal as of Right; Appeal Dismissed

FRANK G. CLEMENT JR., P.J., M.S. delivered the opinion of the Court, in which CHARLES D. SUSANO JR. and BRANDON O. GIBSON, JJ., joined.

Verrina Shields Bey, Memphis, Tennessee, *Pro Se*.

Edmund S. Sauer, Alex McFall, and Brian R. Epling, Nashville, Tennessee, for HSBC Bank, USA, N.A.

### MEMORANDUM OPINION[1]

———————————

[1] Rule 10 of the Rules of the Court of Appeals provides: "This Court, with the concurrence of all judges participating in the case, may affirm, reverse or modify the actions of the trial court by memorandum opinion when a formal opinion would have no precedential value. When a case is decided

(continued…)

This is an appeal of a final judgment of the Circuit Court of Shelby County, which awarded a writ of possession to HSBC Bank, N.A. ("HSBC Bank") to the property at issue, located at 3205 Pershing Avenue, Memphis, Tennessee. The genesis of this action dates back to 2013 when the appellant, Verrina Michelle Shields Bey, a.k.a. Verrina Michelle Shields, a.k.a. Verrina Shields ("Ms. Shields"), defaulted on a loan, the collateral for which is the subject of this appeal. The record before us reveals the following pertinent facts.

On November 24, 2004, Ms. Shields obtained a Note from Flick Mortgage Investors, Inc. for $43,500.00. To secure payment of the note, she executed a deed of trust for real property. Thereafter, the deed of trust was assigned to HSBC Bank, as trustee. In August 2014, after Ms. Shields defaulted on her loan, the substitute trustee sent her notice of a foreclosure sale of the property. The substitute trustee also advertised the foreclosure sale as required by law. On February 27, 2015, HSBC Bank purchased the property at the foreclosure sale.[2] After obtaining title to the property, HSBC Bank filed a detainer action in Shelby County General Sessions Court, seeking possession of the property. The general sessions court granted HSBC Bank possession of the property, and Ms. Shields appealed to the circuit court.

In the circuit court, Ms. Shields challenged the detainer action, alleging various claims of fraud, wrongful foreclosure, set-off, and recoupment. Following a bench trial on June 30, 2016, the circuit court ruled that the doctrine of res judicata barred her affirmative defenses and that her claims and defenses failed on the merits. The circuit court found that Ms. Shields "was in default of the terms of Note and Deed of Trust" and that "HSBC Bank [wa]s entitled to a writ of possession." Based on these rulings, the court awarded HSBC Bank possession of the property. This appeal followed.

As HSBC Bank notes in its brief, Ms. Shields "makes no attempt in her appellate brief to dispute the circuit court's findings by citing to pertinent parts of the trial record or relevant authority. The appellant's brief fails to address the circuit court's finding that res judicata bars her claims, thereby waiving any challenge to the circuit court's finding on

by memorandum opinion it shall be designated 'MEMORANDUM OPINION,' shall not be published, and shall not be cited or relied on for any reason in any unrelated case."

[2] This was the second attempt to sell the property at foreclosure. Prior to the first scheduled foreclosure sale, Ms. Shields filed a complaint alleging RICO claims against HSBC Bank and other parties in the United States District Court for the Western District of Tennessee to enjoin the defendants from collecting on her loan and foreclosing on the property. The defendants filed motions to dismiss, which the district court granted. Ms. Shields appealed the district court's dismissal of that action, and the Sixth Circuit Court of Appeals denied her attempt to proceed *in forma pauperis* because her "appeal lack[ed] an arguable basis in law" and ordered her to pay the required filing fee or risk dismissal of her appeal. When Ms. Shields failed to pay the filing fee, the Sixth Circuit dismissed her appeal.

appeal." For these and other reasons, HSBC Bank asks that we dismiss the appeal. Having reviewed Ms. Shields' brief and reply brief, both of which are difficult to comprehend and are profoundly deficient, we find dismissal necessary.

To explain our reasoning, we have chosen to quote relevant portions of an opinion this court filed in another of Ms. Shields' cases that we recently dismissed for the same reasons.

In the case of *Bey v. Wilson & Associates, PLLC*, No. W2016-01330-COA-R3-CV, 2017 WL 5515861, at *2-3 (Tenn. Ct. App. Nov. 17, 2017), we stated:

> Our ability to review the merits of this appeal is greatly hindered by the state of the brief submitted by Appellant. Tennessee Rule of Appellate Procedure 27 governs briefs submitted to the Tennessee Court of Appeals.
>
> Rule 27(a)(7) of the Tennessee Rules of Appellate Procedure provides that an appellant's brief must contain an argument setting forth "the contentions of the appellant with respect to the issues presented, and the reasons therefor, including the reasons why the contentions require appellate relief, with citations to the authorities and appropriate references to the record (which may be quoted verbatim) relied on." Tenn. R. Ct. App. Rule 27(a). According to the Tennessee Supreme Court, "[a]n issue may be deemed waived, even when it has been specifically raised as an issue, when the brief fails to include an argument satisfying the requirements of Tenn. R. App. P. 27(a)(7)." *Hodge v. Craig*, 382 S.W.3d 325, 335 (Tenn. 2012).
>
> "This court has repeatedly held that a party's failure to cite authority for its arguments or to argue the issues in the body of its brief constitute a waiver on appeal." *Forbess v. Forbess*, 370 S.W.3d 347, 355 (Tenn. Ct. App. 2011). "It is not the role of the courts, trial or appellate, to research or construct a litigant's case or arguments for him or her, and where a party fails to develop an argument in support of his or her contention or merely constructs a skeletal argument, the issue is waived." *Sneed v. Bd. of Prof'l Responsibility of Supreme Court*, 301 S.W.3d 603, 615 (Tenn. 2010).
>
> . . . .
>
> Although we realize the "legal naiveté" of a *pro se* litigant, "we must not allow h[er] an unfair advantage because [s]he represents [her]self." *Frazier v. Campbell*, No. W2016-00031-COA-R3-CV, 2006 WL 2506706, at *3 (Tenn. Ct. App. Aug. 31, 2006) (citing *Irvin v. City of Clarksville*, 767 S.W.2d 649, 651–52 (Tenn. Ct. App. 1989)). "*Pro se* litigants who invoke the complex and sometimes technical procedures of the courts assume a

- 3 -

very heavy burden." *Irvin*, 767 S.W.2d at 652. They are entitled to fair and equal treatment, but they must follow the same substantive and procedural requirements as a represented party, and they may not shift the burden of litigating their case to the courts. *Whitaker v. Whirlpool Corp.*, 32 S.W.3d 222, 227 (Tenn. Ct. App. 2000).

"[T]he Supreme Court has held that it will not find this Court in error for not considering a case on its merits where the plaintiff did not comply with the rules of this Court." *Bean v. Bean*, 40 S.W.3d 52, 54-55 (Tenn. Ct. App. 2000) (citing *Crowe v. Birmingham & N.W. Ry. Co.*, 156 Tenn. 349, 1 S.W.2d 781 (1928)). "[A]ppellate courts may properly decline to consider issues that have not been raised and briefed in accordance with the applicable rules." *Waters v. Farr*, 291 S.W.3d 873, 919 (Tenn. 2009) (Koch, J., concurring in part and dissenting in part). "We have previously held that a litigant's appeal should be dismissed where his brief does not comply with the applicable rules, or where there is a complete failure to cite to the record." *Commercial Bank, Inc. v. Summers*, No. E2010–02170–COA–R3–CV, 2011 WL 2673112, at *2 (Tenn. Ct. App. July 11, 2011).

As was the case in *Bey,* the issues stated in Ms. Shields' brief, her "statement of facts," and her "argument" are incoherent; moreover, the argument does not contain citations to the record or relevant legal authority as Tenn. R. App. P. 27(a) requires. Therefore, we dismiss the appeal.

### IN CONCLUSION

For the foregoing reasons, the appeal is dismissed. Costs of appeal are assessed against the appellant, Verrina Michelle Shields Bey, a.k.a. Verrina Michelle Shields, a.k.a. Verrina Shields, and because she is proceeding *in forma pauperis* in this appeal, execution may issue for costs if necessary.

_____
FRANK G. CLEMENT JR., P.J., M.S.