IN THE COURT OF APPEALS OF TENNESSEE
AT KNOXVILLE
Assigned on Briefs August 1, 2019

## TAMMY L. EDWARDS v. CHARLES EDWARDS, JR.

**Appeal from the Circuit Court for Knox County**
**No. 130827   Gregory S. McMillan, Judge**

_____

### No. E2019-00518-COA-R3-CV

_____

This appeal concerns a post-divorce proceeding for contempt.  Husband filed a petition for contempt alleging that Wife had failed to pay certain payments ordered by the trial court.  The trial court dismissed Husband's petition.  Due to the deficiencies in Husband's brief, we find that he has waived consideration of any issues on appeal and hereby dismiss the appeal.

**Tenn. R. App. P. 3 Appeal as of Right; Appeal Dismissed.**

CARMA DENNIS MCGEE, J., delivered the opinion of the court, in which RICHARD H. DINKINS and JOHN W. MCCLARTY, JJ., joined.

Charles Edwards, Jr., Knoxville, Tennessee, Pro Se.

Jane Kopp Morris, Knoxville, Tennessee, for the appellee, Tammy L. Edwards.

### MEMORANDUM OPINION[1]

### I.    FACTS & PROCEDURAL HISTORY

Charles Edwards, Jr., ("Husband") and Tammy L. Edwards ("Wife") were

---

[1] Rule 10 of the Rules of the Court of Appeals provides as follows:

This Court, with the concurrence of all judges participating in the case, may affirm, reverse or modify the actions of the trial court by memorandum opinion when a formal opinion would have no precedential value. When a case is decided by memorandum opinion it shall be designated "MEMORANDUM OPINION," shall not be published, and shall not be cited or relied on for any reason in any unrelated case.

divorced on May 22, 2015, by final decree of the Fourth Circuit Court for Knox County, Tennessee. As relevant to this appeal, it was ordered in the final decree that Wife was to pay Husband $17,000 for his portion of equity in the marital home. However, if the marital home appraised for less than $95,200, Husband would receive "one half of the difference between the actual appraised value and $95,200," as opposed to the $17,000. Additionally, the final decree specified that Wife was to refinance the marital home within nine months after entry of the decree. The court further ordered that Wife would owe Husband the entire $17,000 if she failed to refinance the home within the specified time, and Husband could then request that the court order a repayment plan.

On October 17, 2018, Husband filed his first petition for contempt. He alleged that Wife had failed to make payments toward the $17,000 she was ordered to pay him. After a hearing on the petition, the trial court entered an order finding Wife in contempt of court for failing to refinance the marital home. A judgment was entered against Wife for $17,000, plus post-judgment interest, for a total judgment of $20,266.71. The trial court stayed the execution of the judgment on the condition that Wife pay Husband $500 per month, beginning December 1, 2018, and continuing each month thereafter until the entire judgment was satisfied.

On January 10, 2019, Husband filed a second petition for contempt. He alleged that Wife had failed to pay the $500 per month as previously ordered by the court to maintain the stay of execution. A contempt hearing was held on March 22, 2019. After hearing testimony from Husband, the trial court announced its ruling dismissing Husband's petition. The trial court found that Husband failed to prove the elements of criminal contempt beyond a reasonable doubt.[2] Immediately thereafter, a written order was entered finding that Husband had not proven Wife's ability to pay and therefore the petition for contempt was dismissed. Husband timely filed this appeal.

## II.  DISCUSSION

Generally, our review of a case begins by addressing the merits of an issue. However, in this appeal, that process is substantially hindered by Husband's wholly deficient brief. Appellate briefs are governed by Rule 27 of the Tennessee Rules of Appellate Procedure, which provides:

---

[2] Husband's second petition for contempt did not specify whether he was seeking to have Wife held in civil or criminal contempt. However, from the video recording of the hearing on March 22, 2019, it is clear that the trial judge treated the petition as one for criminal contempt. Husband did request that the trial court "lock-up" Wife during his testimony. The trial judge, at different stages of the hearing, explained to Husband the elements of criminal contempt and that Husband must prove those elements beyond a reasonable doubt. In his oral ruling, the trial judge stated that the "criminal contempt petition" was dismissed.

(a) Brief of the Appellant. The brief of the appellant shall contain under appropriate headings and in the order here indicated:
(1) A table of contents, with references to the pages in the brief;
(2) A table of authorities, including cases (alphabetically arranged), statutes and other authorities cited, with references to the pages in the brief where they are cited;
(3) A jurisdictional statement in cases appealed to the Supreme Court directly from the trial court indicating briefly the jurisdictional grounds for the appeal to the Supreme Court;
(4) A statement of the issues presented for review;
(5) A statement of the case, indicating briefly the nature of the case, the course of proceedings, and its disposition in the court below;
(6) A statement of facts, setting forth the facts relevant to the issues presented for review with appropriate references to the record;
(7) An argument, which may be preceded by a summary of argument, setting forth:
(A) the contentions of the appellant with respect to the issues presented, and the reasons therefor, including the reasons why the contentions require appellate relief, with citations to the authorities and appropriate references to the record (which may be quoted verbatim) relied on; and
(B) for each issue, a concise statement of the applicable standard of review (which may appear in the discussion of the issue or under a separate heading placed before the discussion of the issues);
(8) A short conclusion, stating the precise relief sought.

Tenn. R. App. P. 27(a).

Husband's brief fails to comply with the requirements of Rule 27, in that it does not contain the following: (1) table of contents, (2) table of authorities, (3) statement of issues presented for review, (4) statement of the case, (5) statement of facts or references to the record, or (6) argument section. Husband's brief in its entirety is merely a half-page handwritten statement requesting the relief prayed for in his second petition for contempt, along with a copy of the trial court's order granting his first petition for contempt. We are mindful that Husband is proceeding pro se in this appeal. However, as we have previously stated:

"[T]his Court is not charged with the responsibility of scouring the appellate record for any reversible error the trial court may have committed." [*Owen v. Long Tire, LLC,* No. W2011-01227-COA-R3-CV, 2011 WL 6777014, at *4 (Tenn. Ct. App. Dec. 22, 2011)]. "It is not the role of the courts, trial or appellate, to research or construct a litigant's case or arguments for him or her, and where a party fails to develop an argument in support of his or her contention or merely constructs a skeletal argument,

- 3 -

the issue is waived." *Sneed v. Bd. of Prof'l Responsibility of Sup. Ct.*, 301 S.W.3d 603, 615 (Tenn. 2010).

Although we realize the "legal naivete" of a pro se litigant, "we must not allow him an unfair advantage because he represents himself." *Frazier v. Campbell,* No. W2006-00031-COA-R3-CV, 2006 WL 2506706, at *3 (Tenn. Ct. App. Aug. 31, 2006) (citing *Irvin v. City of Clarksville,* 767 S.W.2d 649, 651–52 (Tenn. Ct. App.1989)). "Pro se litigants who invoke the complex and technical procedures of the courts assume a very heavy burden." *Irvin,* 767 S.W.2d at 652. They are entitled to fair and equal treatment, but they must follow the same substantive and procedural requirements as a represented party, and they may not shift the burden of litigating their case to the courts. *Whitaker v. Whirlpool Corp.,* 32 S.W.3d 222, 227 (Tenn. Ct. App. 2000).

"[T]he Supreme Court has held that it will not find this Court in error for not considering a case on its merits where the plaintiff did not comply with the rules of this Court." *Bean v. Bean*, 40 S.W.3d 52, 54-55 (Tenn. Ct. App. 2000) (citing *Crowe v. Birmingham & N.W. Ry. Co.*, 156 Tenn. 349, 1 S.W.2d 781 (1928)). "[A]ppellate courts may properly decline to consider issues that have not been raised and briefed in accordance with the applicable rules." *Waters v. Farr*, 291 S.W.3d 873, 919 (Tenn. 2009). "We have previously held that a litigant's appeal should be dismissed where his brief does not comply with the applicable rules, or where there is a complete failure to cite to the record." *Commercial Bank, Inc. v. Summers*, No. E2010-02170-COA-R3-CV, 2011 WL 2673112, at *2 (Tenn. Ct. App. July 11, 2011).

*Clayton v. Herron*, No. M2014-01497-COA-R3-CV, 2015 WL 757240, at *3 (Tenn. Ct. App. Feb. 20, 2015).

For the reasons stated above, it is clear that Husband did not comply with the requirements for the contents of briefs contained in Rule 27. Most egregiously, Husband failed to raise any issues to suggest the trial court erred in dismissing his second petition for contempt. Additionally, Husband failed to assert any arguments, include any references to the record, or cite any applicable law. Because of Husband's failure to comply with the briefing requirements of the Tennessee Rules of Appellate Procedure, we dismiss this appeal.

## III. CONCLUSION

For the aforementioned reasons, this appeal is dismissed. Costs of this appeal are taxed to the appellant, Charles Edwards, Jr. Because appellant is proceeding *in forma*

*pauperis* in this appeal, execution for costs may issue if necessary.

_____
CARMA DENNIS MᶜGEE, JUDGE