IN THE COURT OF APPEALS OF TENNESSEE
AT NASHVILLE
March 5, 2024 Session

## KAREN FORMBY HOLMES v. GEORGE DAVID HOLMES

**Appeal from the Circuit Court for Sumner County**
**No. 2015-CV-847    Ted A. Crozier, Judge**
_____

**No. M2022-01195-COA-R3-CV**
_____

This appeal arises from a divorce. The former husband challenges the classification and division of the marital estate. Because the husband failed to comply with our procedural rules, we deem his issues waived and dismiss the appeal.

**Tenn. R. App. P. 3 Appeal as of Right; Appeal Dismissed**

W. NEAL MCBRAYER, J., delivered the opinion of the court, in which FRANK G. CLEMENT, JR., P.J., M. S., and ARNOLD B. GOLDIN, J., joined.

George David Holmes, Gallatin, Tennessee, pro se appellant.

Emily C. Green, Springfield, Tennessee, and Nancy K. Corley, Hendersonville, Tennessee, for the appellee, Karen Formby Holmes.

## OPINION

### I.

After more than thirty years of marriage, Karen Formby Holmes ("Wife") filed for a divorce from George David Holmes ("Husband"), alleging irreconcilable differences and Husband's inappropriate marital conduct. At this point, the couple's three children were grown. Husband answered and, a few years later, filed a counter-complaint for divorce. The parties attempted to mediate the case, but they were unsuccessful.

Much occurred while the divorce was pending. Husband sold his law practice and applied for disability. He also incurred a substantial amount of additional debt, which he contended was marital. With the court's permission, the parties sold two marital assets, a

commercial building and the marital residence. They deposited the proceeds from these sales with the court. At the court's direction, the parties used a portion of these proceeds to pay various debts. The court reserved decision on the characterization of these debts as separate or marital for the final hearing.

Six years after Wife initiated divorce proceedings, the court convened the final hearing. At trial, the parties voluntarily withdrew their requests for alimony and stipulated to the divorce. *See* Tenn. Code Ann. § 36-4-129 (2021). But they remained at odds over the proper classification and division of their numerous assets and debts. Based on the proof presented, the court classified, valued, and divided the marital estate. It specifically found that the division was fair and equitable, and it ordered each party to pay its own attorney's fees.

## II.

### A.

On appeal, Husband argues that the court erred in its classification and division of certain assets and debts. Where the classification, division, or allocation of marital property or debt are at issue, Rule 7 of this Court requires "the brief of the party raising the issue" to include, either in the body of the brief or as an appendix, a table of property and debt and their valuations. TENN. CT. APP. R. 7(a). The table must "list all property and debts considered by the trial court, including: (1) all separate property, (2) all marital property, and (3) all separate and marital debts." *Id.* Additionally, table entries "must include a citation to the record where each party's evidence regarding the classification or valuation of the property . . . and . . . where the trial court's decision regarding the classification, valuation, division, or allocation of the property . . . can be found." *Id.* 7(b).

Husband did not provide us with a compliant Rule 7 table. Instead, he identified in the body of his brief the specific funds and debts he contends were wrongly classified or divided. *See Robbins v. Robbins*, No. E2017-01427-COA-R3-CV, 2018 WL 3954323, at *14 (Tenn. Ct. App. Aug. 16, 2018) (reasoning that appellant failed to comply with Rule 7 when he "simply itemize[d] various funds, properties and debts and t[ook] issue with the Trial Court's findings with respect to each"). This is problematic because we do not judge a trial court's division of the marital estate based on the distribution of specific marital assets or debts. *Morton v. Morton*, 182 S.W.3d 821, 834 (Tenn. Ct. App. 2005). We consider the overall property division. *Id.*; *Altman v. Altman*, 181 S.W.3d 676, 683 (Tenn. Ct. App. 2005) ("In the final analysis, the appropriateness of the trial court's division depends on its results.").

We have described the Rule 7 table as "essential." *Blount v. Blount*, No. E2017-00243-COA-R3-CV, 2018 WL 1433198, at *3 (Tenn. Ct. App. Mar. 22, 2018); *Harden v. Harden*, No. M2009-01302-COA-R3-CV, 2010 WL 2612688, at *8 (Tenn. Ct. App. June

2

30, 2010). The table is so essential that a failure to comply with Rule 7 may be deemed a waiver of issues related to the classification, valuation, and division of property or debt. *Forbess v. Forbess*, 370 S.W.3d 347, 354 (Tenn. Ct. App. 2011); *see also Blount*, 2018 WL 1433198, at \*3 (holding that husband waived any challenges to the court's order granting wife a portion of his military pension for failure to comply with Rule 7); *Butcher v. Butcher*, No. W2011-01808-COA-R3-CV, 2012 WL 2107977, at \*2 (Tenn. Ct. App. June 12, 2012) ("We have held that the failure to comply with Rule 7 of the Court of Appeals waives issues relating to the requirements of the Rule."); *Rountree v. Rountree*, 369 S.W.3d 122, 133 n.7 (Tenn. Ct. App. 2012) ("It is well settled that 'where an appellant fails to comply with this rule, that appellant waives all such issues relating to the rule's requirements.'" (quoting *Harden*, 2010 WL 2612688, at \*8)).

The missing table is not the only barrier to our review. Husband's brief also fails to fully comply with Rule 27 of the Tennessee Rules of Appellate Procedure. *See* TENN. R. APP. P. 27(a) (listing the required contents in the appellant's brief). Husband omits the applicable standard of review. And, more importantly, he fails to support many of his arguments with citations to legal authority. *See id.* 27(a)(7). Thus, he relies largely on conclusory assertions. It is not our responsibility "to research or construct the parties' arguments for them." *State v. Hester*, 324 S.W.3d 1, 80 (Tenn. 2010); *Bean v. Bean*, 40 S.W.3d 52, 56 (Tenn. Ct. App. 2000) ("[P]arties cannot expect this court to do [their] work for them."). We may deem an issue waived when a litigant fails to support that issue with "an argument satisfying the requirements of Tenn. R. App. P. 27(a)(7)." *Hodge v. Craig*, 382 S.W.3d 325, 335 (Tenn. 2012); *see also Tenn. State Bank v. Mashek*, 616 S.W.3d 777, 813 (Tenn. Ct. App. 2020).

Although we may overlook these deficiencies "[f]or good cause," we find none here. TENN. R. APP. P. 2. We are mindful that Husband has chosen to represent himself on appeal. Self-represented parties are entitled to fair treatment by our courts; but they "are not . . . entitled to shift the burden of litigating their case to the courts." *Whitaker v. Whirlpool Corp.*, 32 S.W.3d 222, 227 (Tenn. Ct. App. 2000). We cannot entirely excuse them from complying with the same substantive and procedural rules imposed on represented parties. *Young v. Barrow*, 130 S.W.3d 59, 63 (Tenn. Ct. App. 2003). This is especially true when the pro se litigant is a lawyer.

B.

Wife requests an award of attorney's fees for defending this appeal. Tennessee follows the well-established rule that parties are responsible for their own attorney's fees absent a statute or agreement between the parties providing otherwise. *State v. Brown & Williamson Tobacco Corp.*, 18 S.W.3d 186, 194 (Tenn. 2000). Under the version of Tennessee Code Annotated § 36-5-103(c) applicable when this divorce was filed, we have the discretion to award a plaintiff spouse reasonable attorney's fees incurred "in enforcing any decree for alimony and/or child support." Tenn. Code Ann. § 36-5-103(c) (2014);

3

*Pippin v. Pippin*, 277 S.W.3d 398, 407 (Tenn. Ct. App. 2008).  But neither alimony nor child support were at issue in this divorce.  So we decline Wife's request.

## III.

When an appellant has failed to comply with our rules, dismissal of the appeal is appropriate. *See Duchow v. Whalen*, 872 S.W.2d 692, 693 (Tenn. Ct. App. 1993) (dismissing appeal for failure to comply with appellate rules); *cf. Crowe v. Birmingham & N.W. Ry. Co.*, 1 S.W.2d 781, 781 (Tenn. 1928) (recognizing this Court may "refus[e] to consider a case upon its merits, where the appellant has not complied with the rules of that court").  So we dismiss Husband's appeal.

_s/ W. Neal McBrayer_
W. NEAL MCBRAYER, JUDGE