IN THE COURT OF APPEALS OF TENNESSEE
AT KNOXVILLE
October 14, 2020 Session

**ABBY NICOLE BREEDEN v. DERRICK JEROME GARLAND, SR.**

**Appeal from the Circuit Court for Knox County**
**No. 148275   Gregory S. McMillan, Judge**

_____

**No. E2020-00629-COA-R3-CV**

_____

Pro se appellant appeals the trial court's entry of an order of protection that was entered against him. The appellant's brief significantly fails to comply with Tennessee Rule of Appellate Procedure 27. Accordingly, we find that any issues on appeal are waived and we dismiss the appeal.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court**
**Affirmed; Case Remanded**

JOHN W. MCCLARTY, J., delivered the opinion of the court, in which D. MICHAEL SWINEY, C.J., and KRISTI M. DAVIS, J., joined.

Derrick Jerome Garland, Sr., Cleveland, Tennessee, Pro Se.

Robert A. Downs, Knoxville, Tennessee, for the appellee, Abby Nicole Breeden.

**OPINION**

**I.      BACKGROUND**

Abby Nicole Breeden filed a petition for an order of protection against Derrick Jerome Garland, Sr. ("Appellant") on February 20, 2020, alleging stalking and harassment. The trial court granted a no contact ex parte order of protection, pending further hearing. *See* Tenn. Code Ann. § 36-3-605. Following the hearing on April 23, 2020, the trial court granted a one-year, no contact order of protection based upon testimony establishing that Appellant repeatedly attempted to contact Ms. Breeden through her work once she blocked him from all other forms of communication. The trial court found that "[a]t trial, [Appellant] asserted there was an unspoken agreement between he and [Ms. Breeden] to

have a relationship.  There is no such understanding and never was." This appeal followed.


## II.      STANDARD OF REVIEW

We review a non-jury case de novo upon the record, with a presumption of correctness as to the findings of fact unless the preponderance of the evidence is otherwise. *See* Tenn. R. App. P. 13(d); *Bowden v. Ward*, 27 S.W.3d 913, 916 (Tenn. 2000).  This presumption of correctness applies only to findings of fact and not to conclusions of law. *Campbell v. Florida Steel Corp.*, 919 S.W.2d 26, 35 (Tenn. 1996).  The trial court's conclusions of law are subject to a de novo review with no presumption of correctness. *Blackburn v. Blackburn*, 270 S.W.3d 42, 47 (Tenn. 2008); *Union Carbide Corp. v. Huddleston*, 854 S.W.2d 87, 91 (Tenn. 1993).  The trial court's determinations regarding witness credibility are entitled to great weight on appeal and shall not be disturbed absent clear and convincing evidence to the contrary.  *See Morrison v. Allen*, 338 S.W.3d 417, 426 (Tenn. 2011).


## III.      DISCUSSION

In his brief, Appellant did not assign any error to the trial court's decision.  He does not raise any discernable issues but, in the conclusion, merely asks this court to "drop the Order of Protection."  In support of his request, he states that Ms. Breeden is his girlfriend, whom he pledges to value, love, protect, and honor.

Ms. Breeden asks this court to dismiss the appeal based upon Appellant's complete and utter failure to follow the Tennessee Rules of Appellate Procedure in his three-page, handwritten brief.  Specifically, she argues that Appellant failed to comply with Rule 27 of the Tennessee Rules of Appellate Procedure and with Rule 6 of the Tennessee Court of Appeals.  We agree with Ms. Breeden.

In *Young v. Barrow*, this court stated:

Parties who decide to represent themselves are entitled to fair and equal treatment by the courts.  The courts should take into account that many pro se litigants have no legal training and little familiarity with the judicial system.  However, the courts must also be mindful of the boundary between fairness to a pro se litigant and unfairness to the pro se litigant's adversary.  Thus, the courts must not excuse pro se litigants from complying with the same substantive and procedural rules that represented parties are expected to observe.

The courts give pro se litigants who are untrained in the law a certain amount

of leeway in drafting their pleadings and briefs. Accordingly, we measure the papers prepared by pro se litigants using standards that are less stringent than those applied to papers prepared by lawyers.

Pro se litigants should not be permitted to shift the burden of the litigation to the courts or to their adversaries. They are, however, entitled to at least the same liberality of construction of their pleadings that Tenn. R. Civ. P. 7, 8.05, and 8.06 provide to other litigants. Even though the courts cannot create claims or defenses for pro se litigants where none exist, they should give effect to the substance, rather than the form or terminology, of a pro se litigant's papers.

*Young v. Barrow*, 130 S.W.3d 59, 62–63 (Tenn. Ct. App. 2003) (citations omitted).

Although we are mindful of his pro se status, our review of this case is wholly hindered because Appellant did not comply with Tennessee Rule of Appellate Procedure 27 which instructs that the appellant's brief "shall contain:"

(1) A table of contents, with references to the pages in the brief;

(2) A table of authorities, including cases (alphabetically arranged), statutes and other authorities cited, with references to the pages in the brief where they are cited;

. . .

(4) A statement of the issues presented for review;

(5) A statement of the case, indicating briefly the nature of the case, the course of proceedings, and its disposition in the court below;

(6) A statement of facts, setting forth the facts relevant to the issues presented for review with appropriate references to the record;

(7) An argument, which may be preceded by a summary of argument, setting forth: (A) the contentions of the appellant with respect to the issues presented, and the reasons therefor, including the reasons why the contentions require appellate relief, with citations to the authorities and appropriate references to the record (which may be quoted verbatim) relied on; and (B) for each issue, a concise statement of the applicable standard of review (which may appear in the discussion of the issue or under a separate heading placed before the discussion of the issues);

(8) A short conclusion, stating the precise relief sought.

Tenn. R. App. P. 27(a).

Appellant's brief does not comply with Rule 27 in any meaningful way. As Ms. Breeden correctly notes, Appellant's brief lacks a table of contents, table of authorities, statement of the issues, statement of the case, statement of facts, and citation to authority in support of his request for reversal of the trial court's entry of the order of protection. The brief contains merely Appellant's commentary on each of the four trial exhibits and vaguely refers to "third party evidence," but does not cite to any alleged error of the trial court in the record or any legal authority whatsoever. Appellant invites us to guess at what assignments of error he wishes to raise and where those may be found in the record. However, we may only consider the issues that are properly raised, argued, and supported with relevant authority. *See Hawkins v. Hart*, 86 S.W.3d 522, 531 (Tenn. Ct. App. 2001) ("[F]or an issue to be considered on appeal, a party must, in his brief, develop the theories or contain authority to support the averred position . . . ."); *see also* Tenn. R. App. P. 13(b) ("Review generally will extend only to those issues presented for review.").

Moreover, by not providing any citations to the record, Appellant has failed to comply with Rule 6 of the Tennessee Court of Appeals which states in part:

> (b) No complaint of or reliance upon action by the trial court will be considered on appeal unless the argument contains a specific reference to the page or pages of the record where such action is recorded. No assertion of fact will be considered on appeal unless the argument contains a reference to the page or pages of the record where evidence of such fact is recorded.

Tenn. Ct. App. R. 6(b). This court is "under no duty to blindly search the record to find . . . evidence," nor can Appellant shift this burden to us. *See Pearman v. Pearman*, 781 S.W.2d 585, 588 (Tenn. Ct. App. 1989). Failure to comply with the Rules of Appellate Procedure and the Rules of the Tennessee Court of Appeals constitutes a waiver of the issues raised by Appellant. *See Wright v. Wright*, No. E2009-01932-COA-R3-CV, 2011 WL 2569758 (Tenn. Ct. App. June 30, 2011); *Bean v. Bean*, 40 S.W.3d 52, 54–55 (Tenn. Ct. App. 2000). Furthermore,

> "[T]he Supreme Court has held that it will not find this Court in error for not considering a case on its merits where the [appellant] did not comply with the rules of this Court." *Bean*, 40 S.W.3d at 54–55 (citing *Crowe v. Birmingham & N.W. Ry. Co.*, 156 Tenn. 349, 1 S.W.2d 781 (1928)). "[A]ppellate courts may properly decline to consider issues that have not been raised and briefed in accordance with the applicable rules." *Waters v. Farr*, 291 S.W.3d 873, 919 (Tenn. 2009). "We have previously held that a litigant's appeal should be dismissed where his brief does not comply with

- 4 -

the applicable rules, or where there is a complete failure to cite to the record." *Commercial Bank, Inc. v. Summers*, No. E2010-02170-COA-R3-CV, 2011 WL 2673112, at *2 (Tenn. Ct. App. July 11, 2011).

*Clayton v. Herron*, No. M2014-01497-COA-R3-CV, 2015 WL 757240, at *2–3 (Tenn. Ct. App. Feb. 20, 2015).

Despite liberally construing Appellant's brief, we discern no issues of law or legal argument, nor can we overlook its serious deficiencies. For these reasons, we find and hold that Appellant has waived any issues he may have attempted to raise on appeal. Accordingly, we exercise our discretion to dismiss this appeal. *See Bean*, 40 S.W.3d at 55–56.

In the last line of her brief, Ms. Breeden appears to request attorney fees incurred on appeal. This was not raised as an issue, nor has Ms. Breeden argued a basis for an award of attorney fees. This court's decision regarding whether to award attorney fees on appeal is a discretionary one. *Young v. Barrow*, 130 S.W.3d at 66–67. Exercising our discretion, we decline to award attorney fees on appeal.

## IV.     CONCLUSION

For the reasons set forth above, the appeal is dismissed. The case is remanded for such further proceedings as may be necessary and consistent with this Opinion. Costs of the appeal are taxed to the appellant, Derrick Jerome Garland, Sr., for which execution may issue if necessary.

_____
JOHN W. MCCLARTY, JUDGE