IN THE COURT OF APPEALS OF TENNESSEE
AT JACKSON
Assigned on Briefs June 3, 2025

**MARSHALL TURLEY v. JOHN MENDEZ**

**Appeal from the Circuit Court for Shelby County**
**No. CT-0338-24     Yolanda Kight Brown, Judge**
_____

**No. W2024-00894-COA-R3-CV**
_____

The trial court dismissed Appellant's complaint with prejudice, and he appeals. Due to the deficiencies in Appellant's brief, we do not reach the substantive issues. Appeal dismissed.

**Tenn. R. App. 3 Appeal as of Right; Appeal Dismissed.**

KENNY ARMSTRONG, J., delivered the opinion of the court, in which ANDY D. BENNETT and KRISTI M. DAVIS, JJ., joined.

Marshall Turley, Memphis, Tennessee, appellant, pro se.

Matthew T. May, Memphis, Tennessee, for the appellee, John Mendez.

**OPINION**

**I. Background**[1]

On April 27, 2022, Appellee John Mendez, who was 77 years old, called Memphis Police Officers to his residence to report an assault. Mr. Mendez alleged that Appellant Marshall Turley knocked him to the ground and punched him several times in the head with a closed fist. Mr. Mendez was transported to the hospital, where he was treated for a brain injury and contusions. On May 7, 2022, Mr. Mendez gave a recorded statement at the police station, viewed a six-person photo lineup containing Mr. Turley, and positively identified Mr. Turley as his assailant. Mr. Turley was subsequently charged with Abuse of Elderly or Vulnerable Adult under Tennessee Code Annotated section 39-15-510. On November 14, 2023, the criminal court entered a judgment of Nolle Prosequi without costs, dropping the charges against Mr. Turley.

On January 30, 2024, Mr. Turley filed a "Complaint for Malicious Prosecution

---

[1] The background facts are taken from documents attached to Mr. Turley's complaint.

T.C.A. 28-3-104" in the Shelby County Circuit Court ("trial court"). Therein, Mr. Turley accused Mr. Mendez of "defaming" him by "filing a false police report" accusing him of behavior he allegedly did not commit. Mr. Turley also alleged that Mr. Mendez had him arrested without cause, and that Mr. Mendez failed to appear in court to prosecute the criminal case. Based on the foregoing, Mr. Turley alleged that his reputation around the housing unit he lives in had been damaged, and that the manager of the complex had threatened to evict him if the conflict between him and Mr. Mendez continued. Although not entirely clear, it appears that Mr. Turley alleged the following causes of action: (1) malicious prosecution; (2) defamation/slander/libel; and (3) intentional infliction of emotional distress.

On March 12, 2024, Mr. Mendez filed a motion to dismiss, alleging that Mr. Turley's claim was barred by the statute of limitations, that a privilege existed, and that Mr. Turley failed to state a claim on which relief could be granted. On April 3, 2024, Mr. Turley filed a response in opposition to the motion.

By order of May 31, 2024, the trial court granted the motion to dismiss with prejudice. As to the malicious prosecution and intentional infliction of emotional distress claims, the trial court found that the complaint failed to allege sufficient facts to support these claims. Concerning the defamation/slander/libel claims, the trial court concluded that the complaint was not filed within the applicable statute of limitations. Mr. Turley filed a timely notice of appeal.

## II. Discussion

Mr. Turley raises three issues for appellate review, as stated in his brief:

1. Trial court erred in dismissing the complaint without trial on merits.

2. Appellant has a 1st Amendment [right] to file legal action against a false accuser.

3. Appellee Mendez is {"Legally liable"} for tort, malicious prosecution, and filing false charges against appellant.

Mr. Mendez raises the threshold issue of whether Mr. Turley's appeal should be dismissed due to his failure to comply with Rule 27 of the Tennessee Rules of Appellate Procedure.

As an initial matter, while we are cognizant of the fact that Mr. Turley is representing himself in this appeal, it is well-settled that "pro se litigants are held to the same procedural and substantive standards to which lawyers must adhere." ***Brown v. Christian Bros. Univ.***, 428 S.W.3d 38, 46 (Tenn. Ct. App. 2013). This Court has held that "[p]arties who choose to represent themselves are entitled to fair and equal treatment by the courts." ***Hodges v. Tenn. Att'y Gen.***, 43 S.W.3d 918, 920 (Tenn. Ct. App. 2000) (citing

***Paehler v. Union Planters Nat'l Bank, Inc***., 971 S.W.2d 393, 396 (Tenn. Ct. App. 1997)). Nevertheless, "courts must not excuse pro se litigants from complying with the same substantive and procedural rules that represented parties are expected to observe." ***Young v. Barrow***, 130 S.W.3d 59, 63 (Tenn. Ct. App. 2003) (citing ***Edmundson v. Pratt***, 945 S.W.2d 754, 755 (Tenn. Ct. App. 1996); ***Kaylor v. Bradley***, 912 S.W.2d 728, 733 n.4 (Tenn. Ct. App. 1995)).

We do not reach the substantive issues due to the procedural deficiencies in Mr. Turley's brief. Under Tennessee Rule of Appellate Procedure 27(a), "[t]he brief of the appellant ***shall*** contain under appropriate headings and in the order here indicated:"

(1) A table of contents, with references to the pages in the brief;

(2) A table of authorities, including cases (alphabetically arranged), statutes and other authorities cited, with references to the pages in the brief where they are cited;

***

(4) A statement of the issues presented for review;

(5) A statement of the case, indicating briefly the nature of the case, the course of proceedings, and its disposition in the court below;

(6) A statement of facts, setting forth the facts relevant to the issues presented for review with appropriate references to the record;

(7) An argument, which may be preceded by a summary of argument, setting forth:

    (A) the contentions of the appellant with respect to the issues presented, and the reasons therefor, including the reasons why the contentions require appellate relief, with citations to the authorities and appropriate references to the record (which may be quoted verbatim) relied on; and

    (B) for each issue, a concise statement of the applicable standard of review (which may appear in the discussion of the issue or under a separate heading placed before the discussion of the issues);

(8) A short conclusion, stating the precise relief sought.

Tenn. R. App. P. 27(a) (emphasis added).  Similarly, the Rules of the Court of Appeals "set forth the format and content of the written argument in regard to each issue on appeal." ***Bean v. Bean***, 40 S.W.3d 52, 54 (Tenn. Ct. App. 2000).  Rule 6 of the Rules of the Court of Appeals, which concerns the briefing requirements, provides:

> (a) Written argument in regard to each issue on appeal shall contain:
>
> > (1) A statement by the appellant of the alleged erroneous action of the trial court which raises the issue . . . with citation to the record where the erroneous or corrective action is recorded.
> >
> > (2) A statement showing how such alleged error was seasonably called to the attention of the trial judge with citation to that part of the record where appellant's challenge of the alleged error is recorded.
> >
> > (3) A statement reciting wherein appellant was prejudiced by such alleged error, with citations to the record showing where the resultant prejudice is recorded.
> >
> > (4) A statement of each determinative fact relied upon with citation to the record where evidence of each such fact may be found.
>
> (b) No complaint of or reliance upon action by the trial court will be considered on appeal unless the argument contains a specific reference to the page or pages of the record where such action is recorded. No assertion of fact will be considered on appeal unless the argument contains a reference to the page or pages of the record where evidence of such fact is recorded.

Tenn. R. Ct. App. 6.

The Tennessee Supreme Court has stated that "[i]t is not the role of the courts, trial or appellate, to research or construct a litigant's case or arguments for him or her, and *where a party fails to develop an argument in support of his or her contention or merely constructs a skeletal argument*, the issue is waived." ***Sneed v. Bd. of Prof'l Responsibility of Sup. Ct.***, 301 S.W.3d 603, 615 (Tenn. 2010) (emphasis added); *see also* ***Forbess v. Forbess***, 370 S.W.3d 347, 355 (Tenn. Ct. App. 2011) ("This [C]ourt has repeatedly held that a party's failure to cite authority for its arguments or to argue the issues in the body of its brief constitute a waiver on appeal.").  Furthermore, "the Supreme Court has held that it will not find this Court in error for not considering a case on its merits where the [party] did not comply with the rules of this Court." ***Bean***, 40 S.W.3d at 54-55 (citing ***Crowe v. Birmingham & N.W. Ry. Co.***, 1 S.W.2d 781 (Tenn. 1928)).

Mr. Turley's brief fails to include: (1) a table of contents; (2) a table of authorities; (3) a statement of the case; (4) a statement of facts; (5) the applicable standard of review; and (6) citations to the record. Furthermore, although Mr. Turley designated three issues for review, he appears to discuss only the malicious prosecution issue. Because Mr. Turley failed to brief his other arguments, he has waived them. *Sneed*, 301 S.W.3d at 615.

Under his malicious prosecution argument, Mr. Turley correctly cites *Mynatt v. National Treasury Employees Union, Chapter 39*, 669 S.W.3d 741 (Tenn. 2023) and the three elements a plaintiff must show to state a claim for malicious prosecution. Briefly, those elements are that: (1) the defendant initiated a proceeding against the plaintiff without probable cause; (2) with malice; and (3) that the proceeding terminated in the plaintiff's favor. *Mynatt*, 669 S.W.3d at 746. These elements are the same regardless of whether the underlying action was criminal or civil. *Id.* Despite providing the applicable law, Mr. Turley fails to construct any substantive argument applying these elements to the facts of this case or explaining why it was error for the trial court to dismiss his malicious prosecution claim. Indeed, in his brief, Mr. Turley never cites the trial court's order granting the motion to dismiss. Tenn. R. Ct. App. 6(a)(1). Rather, his brief alleges, without citation to the record, that:

> ***Appellee/defendant John Mendez.***
>
> A. Filed false criminal charges against plaintiff/appellant Turley, without probable cause, while knowing appellant had not assaulted defendant/appellee Mendez.
>
> B. [] Appellant was denied the right to confront [] appellee, in an open court, to prove appellant's innocence, because defendant/appellee failed to show up in court, for -19- months, proceeding the dismissal by the state.
>
> C. Appellant Turley suffered tremendously, by, being arrested, incarcerated/imprisoned, traveled back and forth to court, paying [] money to attorneys, bondsman, and court cost.

Mr. Turley then pieces together separate block quotations from the *Mynatt* opinion before concluding his "argument," as follows:

> Here in this case, appellant avers that the prosecutor decided to dismiss the criminal charges against appellant, simply because there was insufficient evidence, to prove guilt of appellant.

The foregoing statement is merely a conclusory allegation.

In the absence of any cogent argument, this Court is placed in the position of having

to make Mr. Turley's arguments for him; this we cannot do. As noted above, it is not our role to research or construct litigants' arguments for them. *See* **Sneed**, 301 S.W.3d at 615. Indeed, "[w]hen a party fails to comply with [Tennessee Rule of Appellate Procedure 27], this Court has the authority to dismiss the appeal." **Riebsame v. Schemel**, No. E2018-01798-COA-R3-CV, 2019 WL 4667586, at *4 (Tenn. Ct. App. Sept. 24, 2019) (citing **Bean**, 40 S.W.3d at 54-55; **Watt v. Watt**, No. M2014-02565-COA-R3-CV, 2016 WL 1730659, at *4 (Tenn. Ct. App. Apr. 27, 2016)). As discussed above, Mr. Turley's brief fails to include: (1) a table of contents; (2) a table of authorities; (3) a statement of the case; (4) a statement of facts; and (5) the applicable standard of review. Even more fatal to the appeal is Mr. Turley's failure to: (1) provide relevant citations to the record and to the trial court's ruling, (2) provide relevant legal authority, and (3) make a cogent argument concerning any of his issues. These shortfalls in Mr. Turley's brief preclude our review and result in a waiver of the issues and dismissal of the appeal. *See* **Sneed**, 301 S.W.3d at 615; **Riebsame**, 2019 WL 4667586, at *4.

## III. Conclusion

For the foregoing reasons, we dismiss the appeal. The case is remanded for such further proceedings as may be necessary and are consistent with this opinion. Costs of the appeal are assessed against the Appellant, Marshall Turley. Because Mr. Turley is proceeding *in forma pauperis* in this appeal, execution for costs may issue if necessary.


       s/ Kenny Armstrong
       KENNY ARMSTRONG, JUDGE