IN THE COURT OF APPEALS OF TENNESSEE
AT JACKSON
Assigned on Briefs March 5, 2026

## IN RE ESTATE OF SEARCY V. NICKLOS

**Appeal from the Probate Court for Shelby County**
**No. PR31458       Kathleen N. Gomes, Judge**

————————————————————

### No. W2025-00968-COA-R3-CV

————————————————————

This appeal presents issues relating to the probate court's admission of a copy of a will for muniment of title. However, we do not reach the merits of the appeal due to Appellant's failure to comply with the briefing requirements outlined in Tennessee Rule of Appellate Procedure 27(a), and Rule 6 of the Rules of the Court of Appeals of Tennessee.

**Tenn. R. App. P. 3 Appeal as of Right; Appeal Dismissed**

STEVEN W. MARONEY, J., delivered the opinion of the court, in which FRANK G. CLEMENT, JR., C.J., and THOMAS R. FRIERSON, J., joined.

Clarissa Nicklos, Baltimore, Maryland, appellant, pro se.

Andrew T. Hartsfield, Memphis, Tennessee, for the appellee, Tonya Metcalf Kirby.

## OPINION

### I. BACKGROUND

Searcy V. Nickolos ("Decedent") died on December 27, 2022. On January 6, 2025, Decedent's niece, Appellee Tonya Metcalf Kirby, filed a petition to probate a copy of Decedent's last will and testament "for muniment of title only." By her petition, Ms. Kirby sought to establish ownership of real property located at 1665 Delano, Memphis, Tennessee (the "Property"). Appellant Clarissa Nicklos is Decedent's daughter.

In relevant part, Decedent's last will and testament named Ms. Kirby and Decedent's attorney, Andrew T. Hartsfield, as co-personal representative. The will bequeathed all of Decedent's property to Ms. Kirby, and further provided that, "I

specifically make no bequest or provision for my daughter, Clarissa Nicklos." On May 1, 2025, the Probate Court for Shelby County ("trial court") entered an order admitting a copy of Decedent's last will and testament "for muniment of title only to transfer title [of the Property] to Tonya Metcalf Kirby."

On June 27, 2025, Appellant filed a notice of appeal to this Court seeking review of the trial court's May 1, 2025 order. On initial review, we determined that the May 1, 2025 order was not a final judgment appealable under Tennessee Rule of Appellate Procedure 3. On November 11, 2025, this Court entered an order, stating, in relevant part that:

> [T]he trial court's May 1, 2025 order fails to comply with Rule 58 of the Tennessee Rules of Civil Procedure. . . . The order appealed is signed by the trial court judge and the estate's attorney, but it does not include a certificate of service. Because the order does not comply with Rule 58, there is no final judgment and the order is "ineffective as the basis for any action for which a final judgment is a condition precedent." *Steppach v. Thomas*, 2009 WL3832724, at \*4 (Tenn. Ct. App. Nov. 17, 2009) (quoting *Citizens Bank of Blount Cnty. v. Myers*, 1992 WL 60883, at \*3 (Tenn. Ct. App. Mar. 30, 1992)).
> In light of the foregoing, we remand this matter to the trial court for the sole purpose of entering a final, effective order that complies with Rule 58 of the Tennessee Rules of Civil Procedure.

Following remand, on November 24, 2025, the trial court entered an amended order, which is substantively identical to the May 1, 2025 order. However, unlike the May 1, 2025 order, the trial court's November 24, 2025 order satisfies the requirements of Tennessee Rule of Civil Procedure 58 in that it contains "the signatures of the judge and one party or counsel with a certificate of counsel that a copy of the proposed order has been served on all other parties or counsel." Tenn. R. Civ. P. 58(2). As such, the trial court's November 24, 2025 order constitutes a final order, appealable under Tennessee Rule of Appellate Procedure 3. Under Tennessee Rule of Appellate Procedure 4, Ms. Nicklos' June 27, 2025, notice of appeal will be treated as a prematurely filed notice of appeal. Tenn. R. App. P. 4(d) ("A prematurely filed notice of appeal shall be treated as filed after the entry of the judgment from which the appeal is taken and on the day thereof."). As such, this Court has subject-matter jurisdiction over the appeal.

## II. DISCUSSION

Unfortunately, we are unable to review the trial court's rulings because of Appellant's failure to comply with the briefing requirements set out in Tennessee Rule of Appellate Procedure 27(a) and Rule 6 of the Rules of the Court of Appeals of Tennessee.

## A. Pro Se Litigants

Before addressing these shortcomings, we first note that we are cognizant of the fact that Ms. Nicklos is proceeding pro se in this appeal. We have explained that:

Parties who decide to represent themselves are entitled to fair and equal treatment by the courts. The courts should take into account that many pro se litigants have no legal training and little familiarity with the judicial system. However, the courts must also be mindful of the boundary between fairness to a pro se litigant and unfairness to the pro se litigant's adversary. Thus, the courts must not excuse pro se litigants from complying with the same substantive and procedural rules that represented parties are expected to observe.

*Murray v. Miracle*, 457 S.W.3d 399, 402 (Tenn. Ct. App. 2014) (quoting *Young v. Barrow*, 130 S.W.3d 59, 62-63 (Tenn. Ct. App. 2003) (internal citations omitted)); *see also Hessmer v. Hessmer*, 138 S.W.3d 901, 903 (Tenn. Ct. App. 2003). Consequently, a pro se litigant should not "be permitted to shift the burden of the litigation to the courts or to their adversaries." *Young*, 130 S.W.3d at 63. Further, a pro se litigant must comply with the same rules that lawyers must observe. *Watson v. City of Jackson*, 448 S.W.3d 919, 926 (Tenn. Ct. App. 2014).

## B. Briefing Requirements

Turning to the requirements for appellate briefing, Tennessee Rule of Appellate Procedure 27 provides:

(a) Brief of the Appellant. The brief of the appellant shall contain under appropriate headings and in the order here indicated:

(1) A table of contents, with references to the pages in the brief;
(2) A table of authorities, including cases (alphabetically arranged), statutes and other authorities cited, with references to the pages in the brief where they are cited;
(3) A jurisdictional statement in cases appealed to the Supreme Court directly from the trial court indicating briefly the jurisdictional grounds for the appeal to the Supreme Court;
(4) A statement of the issues presented for review;
(5) A statement of the case, indicating briefly the nature of the case, the course of proceedings, and its disposition in the court below;
(6) A statement of facts, setting forth the facts relevant to the issues presented for review with appropriate references to the record;
(7) An argument, which may be preceded by a summary of argument, setting

forth: (A) the contentions of the appellant with respect to the issues presented, and the reasons therefor, including the reasons why the contentions require appellate relief, with citations to the authorities and appropriate references to the record (which may be quoted verbatim) relied on; and (B) for each issue, a concise statement of the applicable standard of review (which may appear in the discussion of the issue or under a separate heading placed before the discussion of the issues);
(8) A short conclusion, stating the precise relief sought.

In addition to the briefing requirements set out in Tennessee Rule of Appellate Procedure 27(a), Rule 6 of the Rules of the Court of Appeals of Tennessee provides that:

(a) Written argument in regard to each issue on appeal shall contain:

(1) A statement by the appellant of the alleged erroneous action of the trial court which raises the issue and a statement by the appellee of any action of the trial court which is relied upon to correct the alleged error, with citation to the record where the erroneous or corrective action is recorded.
(2) A statement showing how such alleged error was seasonably called to the attention of the trial judge with citation to that part of the record where appellant's challenge of the alleged error is recorded.
(3) A statement reciting wherein appellant was prejudiced by such alleged error, with citations to the record showing where the resultant prejudice is recorded.
(4) A statement of each determinative fact relied upon with citation to the record where evidence of each such fact may be found.

Tenn. R. Ct. App. 6(a)(1)-(4).

## C. Application to Appellant's Brief

Here, Ms. Nicklos' appellate brief provides, in its entirety:

To the Honorable Court:

My name is Clarissa Nicklos, and I am submitting this letter to respectfully outline the circumstances involving the property located at 1665 Delano Ave., Memphis, TN 38127, and my concerns regarding the handling and validity of my late father's will.

My father, Searcy Nicklos Sr., legally deeded the above property to me on September 2, 2021. Shortly after this transfer, I was arrested and charged with burglary involving that same residence. After a lengthy review, the case

- 4 -

was dismissed because the home was already listed in my name within the court system at the time of the charge.

During this period, my father's attorney, Attorney Andrew, instructed that paperwork be prepared to place my father back on the deed. I was also instructed not to conduct any transactions involving the property while the matter was under investigation. Beyond this, I received no additional guidance from my father or from Attorney Andrew.

Despite this, documents were filed on September 19, 2023, placing my father back on the property deed. At the same time, I continued to be summoned to court on the burglary charge—again involving a home that legally belonged to me. That charge was ultimately dismissed for this reason.

After September 19, 2023, my father never updated his will. I was informed that revisions would be completed in accordance with legal procedures, but this never happened. Instead, I was provided incorrect information, including the wrong date, time, and location of a required hearing, which caused my absence.

Additionally, the will incorrectly lists my brother's name as Searcy V. Nicklos Jr. My father, Searcy Nicklos Sr., passed away on December 22, 2023, leaving ample time prior to his passing for Attorney Andrew to ensure proper updates were made, but they were not.

For these reasons, I am contesting the will. The actions taken were improper, incomplete, and inconsistent with the timeline—particularly regarding the property transfer that occurred legally in 2021 and was later altered without proper communication or due process.

Thank you for your time and attention. I respectfully request that the Court review these concerns in connection with Case No. PR 31458.

Respectfully submitted,

Clarissa Nicklos

In the first instance, Appellant's brief wholly fails to comply with the Rule 27(a) requirements that it contain: (1) "[a] table of contents, with references to the pages in the brief," Tenn. R. App. P. 27(a)(1); (2) "[a] table of authorities, including cases (alphabetically arranged), statutes and other authorities cited, with references to the pages in the brief where they are cited," Tenn. R. App. P. 27(a)(2); (3) "[a] jurisdictional statement . . . indicating briefly the jurisdictional grounds for the appeal. . .," Tenn. R. App.

P. 27(a)(3); (4) "[a] statement of the case, indicating briefly the nature of the case, the course of proceedings, and its disposition in the court below," Tenn. R. App. P. 27(a)(5); and (5) "[a] statement of facts, setting forth the facts relevant to the issues presented for review with appropriate references to the record," Tenn. R. App. P. 27(a)(6).

More fatal to our review is the fact that Appellant's brief does not contain "[a] statement of the issues presented for review." Tenn. R. App. P. 27(a)(4). Rather, Ms. Nicklos appears to restate facts that were known to the trial court at the time of its ruling. These factual allegations do not constitute properly framed appellate issues. As this Court has noted, where the appellant's brief "does not contain a statement of the issues as required by Tennessee Rule of Appellate Procedure 27(a)(4), . . . it is impossible to tell . . . what specific appealable issue or issues [appellant] wishes to raise." *Webb v. Sherrell*, No. E2013-02724-COA-R3-CV, 2015 WL 9946303, at *2 (Tenn. Ct. App. Aug. 12, 2015). In the absence of the required statement of the issues, the *Webb* Court concluded that, "We will not undertake to search the record and then revise [appellant's] brief in its entirety so as to create and address issues of claimed errors by the trial court when [appellant] raises no such specific claimed errors because to do so would have this Court serve as [appellant's] attorney." *Id.*; *Crews v. Cahhal*, No. W2004-01120-COA-R3-CV, 2005 WL 2860235, at *1 (Tenn. Ct. App. Nov. 1, 2005) ("[T]his Court is under no obligation to search for, or derive, issues that are not specifically stated in accordance with Tenn. R. App. P. 27(a)(4).").

Appellant's brief also fails to comply with the requirements of Tennessee Rule of Appellate Procedure 27(a)(7) and Rule 6(a)(1)-(4) of the Rules of the Court of Appeals of Tennessee. Specifically, under Rule 27(a)(7), Appellant's brief contains: (1) no citations to legal authority; (2) no references to the record; and (3) no statement of the applicable standard of review. Under Rule 6(a), Appellant's brief contains neither a statement showing how the alleged errors were "seasonably called to the attention of the trial judge with citation to that part of the record where appellant's challenge of the alleged error is recorded," Tenn. R. Ct. App. 6(a)(2), nor "[a] statement reciting wherein appellant was prejudiced by such alleged error, with citations to the record showing where the resultant prejudice is recorded." Tenn. R. Ct. App. 6(a)(3). Furthermore, although Appellant makes numerous factual allegations, she wholly fails to provide "citation to the record where evidence of each such fact may be found." Tenn. R. Ct. App. 6(a)(4).

This Court has cautioned that, "[w]here a party makes no legal argument and cites no authority in support of a position, such issue is deemed waived and will not be considered on appeal." *Branum v. Akins*, 978 S.W.2d 554, 557 n.2 (Tenn. Ct. App. 1998) (internal citations omitted). Courts have routinely held that the failure to make appropriate references to the record and to cite relevant authority in the argument section of the brief as required by the rules of appellate practice constitutes a waiver of the issue. *Forbess v. Forbess*, 370 S.W.3d 347, 355 (Tenn. Ct. App. 2011) (quoting *Bean v. Bean*, 40 S.W.3d 52, 55-56 (Tenn. Ct. App. 2000)). Indeed, under Rule 6(b) of the Rules of the Court of

Appeals of Tennessee,

> [n]o complaint of or reliance upon action by the trial court will be considered on appeal unless the argument contains a specific reference to the page or pages of the record where such action is recorded. No assertion of fact will be considered on appeal unless the argument contains reference to the page or pages of the record where evidence of such fact is recorded.

In *Lacy v. Vanderbilt University Medical Ctr.*, No. M2018-00832-COA-R3-CV, 2019 WL 1450390 (Tenn. Ct. App. April 1, 2019), this Court dismissed appellant, Deborah Lacy's, appeal for failure "to comply with the requirements of Tennessee Rule of Appellate Procedure 27 and Tennessee Court of Appeals Rule 6." *Id*. at *2. As in the instant case, in *Lacy*, the appellant's failure "to comply with the basic briefing requirements set out in the Tennessee Rules of Appellate Procedure, [rendered] this Court [unable to] ascertain the gravamen of her arguments." *Id*. at *3. Due to the lack of compliance with the briefing rules, we cannot proceed with appellate review. As we have previously cautioned:

> "[T]his Court is not charged with the responsibility of scouring the appellate record for any reversible error the trial court may have committed." [*Owen v. Long Tire, LLC*, No. W2011-01227-COA-R3-CV, 2011 WL 6777014, at *4 (Tenn. Ct. App. Dec. 22, 2011)]. "It is not the role of the courts, trial or appellate, to research or construct a litigant's case or arguments for him or her, and where a party fails to develop an argument in support of his or her contention or merely constructs a skeletal argument, the issue is waived." *Sneed v. Bd. of Prof'l Responsibility of Sup. Ct.*, 301 S.W.3d 603, 615 (Tenn. 2010).

> "[T]he Supreme Court has held that it will not find this Court in error for not considering a case on its merits where the [appellant] did not comply with the rules of this Court." *Bean*, 40 S.W.3d at 54-55 (citing *Crowe v. Birmingham & N.W. Ry. Co.*, 156 Tenn. 349, 1 S.W.2d 781 (1928)). "[A]ppellate courts may properly decline to consider issues that have not been raised and briefed in accordance with the applicable rules." *Waters v. Farr*, 291 S.W.3d 873, 919 (Tenn. 2009). "We have previously held that a litigant's appeal should be dismissed where his [or her] brief does not comply with the applicable rules, or where there is a complete failure to cite to the record." *Commercial Bank, Inc. v. Summers*, No. E2010-02170-COA-R3-CV, 2011 WL 2673112, at *2 (Tenn. Ct. App. July 11, 2011).

*Clayton v. Herron*, No. M2014-01497-COA-R3-CV, 2015 WL 757240, at *2-3, (Tenn. Ct. App. Feb. 20, 2015).

Finally, we acknowledge Appellees' argument that Ms. Nicklos failed to comply with the notice requirements set out at Tennessee Rule of Civil Procedure 20. Rule 20 mandates that, "Copies of all papers filed by any party shall, at or before time of filing, be served by a party or person acting for that party on all other parties to the appeal or proceeding. Service on a party represented by counsel shall be made on counsel." Tenn. R. App. P. 20(b). Indeed, there is nothing in Appellant's brief to certify that a copy of same was sent to Appellee's counsel.

### III. CONCLUSION

For the foregoing reasons, the appeal is dismissed. Costs of the appeal are assessed to the Appellant, Clarissa Nicklos. Execution for costs may issue if necessary.

/s Steven W. Maroney
STEVEN W. MARONEY, JUDGE